1    Joseph R. Saveri (State Bar No. 130064)
     Eric B. Fastiff (State Bar No. 182260)
2    Peter E. Leckman (State Bar. No. 235721)
     LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3    275 Battery Street, 30th Floor
     San Francisco, CA  94111-3339
4    Telephone:  (415) 956-1000
     Facsimile:  (415) 956-1008
5

6    Attorneys for Individual and Representative Plaintiffs
     eMag Solutions LLC, eMag Solutions Limited,
     Greencorp Magnetics Pty Ltd., and Delta Magnetics,
7    S.A. de C.V. and Individual Plaintiff Cintas VAC, S.A.
     de C.V.
8

9               UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11   eMAG SOLUTIONS LLC, eMAG SOLUTIONS LIMITED, GREENCORP MAGNETICS PTY LTD., and DELTA MAGNETICS, S.A. de C.V., on behalf of themselves and all others similarly situated, | No. C-02-1611 (PJH) |
| | [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH THE ISK DEFENDANTS |
| 13                 Plaintiffs, | |
| 14   v. | Judge: The Honorable Phyllis J. Hamilton |
| 15   TODA KOGYO CORPORATION; TODA AMERICA, INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.; SAKAI TRADING CO., LTD.; SAKAI TRADING NEW YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA; ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS INCORPORATED; ISK MAGNETICS, INC.; and ISHIHARA CORPORATION (USA), | |
|               Defendants. | |
| 21   CINTAS VAC, S.A. de C.V. | |
|               Plaintiff, | |
| 23      v. | |
| 24   TODA KOGYO CORPORATION; TODA AMERICA, INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.; SAKAI TRADING CO., LTD.; SAKAI TRADING NEW YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA;; ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS INCORPORATED; ISK MAGNETICS, INC.; and ISHIHARA CORPORATION (USA), | |
|               Defendants. | |

16
17
18
19
20
22
25
26
27
28

1         This matter is before the Court on the Plaintiffs' motion, pursuant to Federal Rule

2    of Civil Procedure 23, for an order preliminarily approving the partial settlement of this matter in

3    accordance with a Settlement Agreement dated October 12, 2005 (the "Agreement"), a copy of

4    which is attached hereto as Exhibit A and incorporated herein, which, together with the exhibits

5    annexed to it, sets forth the terms and conditions for a proposed settlement and dismissal with

6    prejudice of this action on a class-wide basis with Ishihara Sangyo Kaisha, Ltd., and its wholly-

7    owned affiliated or controlled subsidiaries ISK Americas Incorporated, ISK Magnetics, Inc., and

8    Ishihara Corporation (USA) ("ISK" or "Settling Defendants").  Having read and considered the

9    Agreement, as well as the exhibits annexed thereto, and having heard the parties and given due

10   consideration, the Court grants the Plaintiffs' application for this Order Preliminarily Approving

11   Class Action Settlement.

12        THEREFORE:

13        1.     For purposes of this Order, except as set forth herein, the Court adopts and

14   incorporates the definitions in the Agreement.

15        2.    (a)    For settlement purposes only and pursuant to Federal Rule of Civil

16   Procedure 23, the Court certifies the following Settlement Class:

17            All persons, firms, corporations, partnerships, or other business
          entities who purchased MIO in American Commerce, directly from
18            the Defendants or their co-conspirators, or any subsidiary or
          affiliate thereof, during the period from January 1, 1991 to October
19            12, 2005, and all United States persons, firms, corporations,
          partnerships, or other business entities who purchased MIO in
20            American Commerce or in Purely Foreign Commerce, directly from
          the defendants or their co-conspirators, or any subsidiary or affiliate
21            thereof, during the period from January 1, 1991 to October 12,
          2005.  The Class does not include the Defendants, their parents,
22            subsidiaries and affiliates, other manufacturers of MIO and
          governmental entities.

23

24           (b)    The Court finds that the Settlement Class is an ascertainable class,

25   consisting of scores of members, rendering it too large to make any form of joinder a viable

26   alternative.  See the accompanying Declaration of Kimberly S. Keevers in Support of Motion for

27   Preliminary Approval of Class Actions Settlement with ISK Defendants ("Keevers Decl., ¶ 8.")

28           (c)    The Court also finds that the members of the Settlement Class share

1   a community of interest in that:  (i) this action raises common questions of law and fact that

2   predominate over individual interests; (ii) the named plaintiffs' claims are typical of the claims of

3   absent members of the Settlement Class and are based on the same legal theories; and (iii) the

4   named plaintiffs and their counsel will adequately protect the interests of the Settlement Class.

5   Keevers Decl., ¶¶ 8-12.

6            (d)      Plaintiffs' Counsel, Kimberly S. Keevers, Eric B. Fastiff, and

7   Joshua P. Davis are designated as Class Counsel and are authorized to negotiate and enter into

8   this and other settlements, subject to Court approval, on behalf of any and all Plaintiffs and

9   members of the Settlement Class.

10           3.      The Court finds that the settlement (as set forth in the Agreement) agreed

11   to by the parties falls within the range of reasonableness.  The Court further finds that there is

12   sufficient basis for notifying the class of the proposed settlement, and for enjoining class

13   members from proceeding in any other actions pending the opt-out period and Settlement Hearing

14   as set forth below.

15           4.      The Court hereby preliminarily approves the Agreement, subject to a

16   hearing on the Final Approval of this Settlement (the "Settlement Hearing").

17           5.      The Settlement Hearing shall be held before this Court on August 16, 2006,

18   at 9:00 a.m., in Courtroom 3 of the United District Court, Northern District of California, 450

19   Golden Gate Avenue, San Francisco, California to determine whether the proposed settlement of

20   this action on the terms and conditions provided for in the Settlement Agreement with Settling

21   Defendants is fair, reasonable, and adequate and should be approved by the Court and whether a

22   judgment approving the settlement should be entered.  The Court may continue or adjourn the

23   Settlement Hearing without further notice to members of the Settlement Class.

24           6.      The Court approves, as to form and content, the Notice of Class

25   Certification, Proposed Settlement, and Hearing ("Notice") in the format attached to the

26   Settlement Agreement as Exhibit 2.  The Court further finds that sending the Notice by first-class

27   mail to each Settlement Class member and publishing the Notice on the Internet constitutes the

28   best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to

1  all persons entitled thereto and complies fully with the requirements of federal law and the United

2  States Constitution.

3      7.    The Court finds that it has subject matter jurisdiction over this matter

4  pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1; Sections 4(a) and 16 of the Clayton Act,

5  15 U.S.C. §§ 15 and 26; and 28 U.S.C. §§ 1331 and 1337.

6      8.    The Court finds that it has personal jurisdiction over all named Plaintiffs

7  and, upon dissemination of the Notice pursuant to this Order and upon commencement of the opt-

8  out period, all Settlement Class members.

9      9.    The Court shall retain subject matter jurisdiction over the settlement

10  agreement.

11      10.    Plaintiffs are hereby authorized to retain, at their option, a claims

12  administrator to supervise and administer the notice procedures as well as the processing of

13  requests for exclusion and other aspects of this proposed settlement, as more fully set forth below:

14          (a)    Plaintiffs shall notify the Settlement Class members of the class

15  certification and proposed settlement by U.S. Mail, in the form of Notice attached to the

16  Settlement Agreement as Exhibit 2.

17          (b)    Plaintiffs shall also publish the fact and details of settlement.

18          (c)    Settlement Class members shall have no more than ninety (90) days

19  after the date on which the Notice is mailed to request exclusion from the Settlement Class. Opt-

20  out requests postmarked more than ninety (90) days after such mailing shall be invalid.

21          (d)    At or prior to the Settlement Hearing, Plaintiffs shall serve on

22  Settling Defendants' counsel and file with the Court proof, by declaration, of dissemination of the

23  Notice. Plaintiffs shall also serve upon Settling Defendant's counsel a list of the persons who

24  wish to exclude themselves from the settlement, as provided in the Settlement Agreement.

25      11.    Members of the Settlement Class who have not requested exclusion in the

26  time and manner set forth in the Notice shall be bound by all orders and judgments entered in this

27  litigation, whether favorable or unfavorable to the Settlement Class.

28      12.    Settlement Class members may enter an appearance in this litigation

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH ISK DEFENDANTS

1  through counsel of their own choice, at their own expense.  If they do not enter such an

2  appearance they will be represented by Class Counsel.

3        13.      Any member of the Settlement Class who has not requested exclusion may

4  appear at the Settlement Hearing and show cause why the proposed settlement contained in the

5  Settlement Agreement should not be approved as fair, reasonable, and adequate, and why a

6  judgment should not be entered dismissing this matter with prejudice in accordance with the

7  terms of the Settlement Agreement, or why expense reimbursements and attorneys' fees should

8  not be awarded to Class Counsel and/or other counsel for the Plaintiffs in the amounts requested;

9  provided, however, that no members of the Settlement Class or any other person shall be heard or

10  entitled to contest the approval of the terms and conditions of the proposed settlement or, if

11  approved, the judgment to be entered thereon approving the same, or the expense reimbursement

12  and attorneys' fees to be awarded Plaintiffs' counsel, unless, within ninety (90) days after the date

13  on which the Notice is mailed, that person has:  (a) served by hand or by first class mail a notice

14  of his/her/its intention to appear (which shall set forth each objection and basis therefor) and

15  copies of any papers in support of that position, and proof that such person is a member of the

16  Settlement Class, upon:  Plaintiffs' Counsel, Eric B. Fastiff, Lieff Cabraser Heimann & Bernstein,

17  LLP, 275 Battery Street, 30th Floor, San Francisco, CA 94111, and Settling Defendants' Counsel,

18  Sutton Keany, reachable via Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway, 22nd Floor,

19  New York, NY 10036 or Berger & Webb, LLP, 1633 Broadway, New York, NY 10019; and

20  (b) filed the notice of intention to appear and supporting papers with the Clerk, United States

21  District Court, Northern District of California, with proof of service on the above attorneys,

22  including paying any appearance fees as may be required by the Clerk's Office.

23        14.      Any member of the Settlement Class who does not file an objection in the

24  time and manner provided shall be deemed to have waived such objection and shall forever be

25  foreclosed from making any objection to the fairness or adequacy of the proposed settlement as

26  incorporated in the Settlement Agreement and any expense reimbursement to Plaintiffs' counsel,

27  unless otherwise ordered by the Court.

28        15.      If the Court finally approves this settlement, all Settlement Class members

412425. 8                        - 4 -                    CASE NO. C-02-1611 PJH

1   who have not timely requested exclusion from the Settlement Class shall be barred from asserting

2   any Released Claims against the Released Parties, and all of them, and shall be conclusively

3   deemed to have released any and all such Released Claims as against all of the Released Parties.

4          16.     All moving papers in support of this settlement, and any applications for

5   reimbursement of expenses and attorneys' fees shall be filed at least thirty-five (35) days prior to

6   the Settlement Hearing.

7          17.     All Settlement Class members who have not properly and timely requested

8   exclusion from the Settlement Class shall be bound by any and all orders and judgments entered

9   by this Court, whether favorable or unfavorable to the Settlement Class, unless this settlement has

10  been disapproved by this Court or any appellate court, and any appeals of such an order have

11  been finally resolved.

12          FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

13

14  Dated:   2/21/06

15  _____
         The Honorable Phyllis J. Hamilton
         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH ISK DEFENDANTS

# EXHIBIT A

SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT is made as of the 12 day of October, 2005, by defendant Ishihara Sangyo Kaisha, Ltd., and its wholly-owned affiliated or controlled subsidiaries ISK Americas Incorporated, ISK Magnetics, Inc., and Ishihara Corporation (USA) (collectively referred to in this Settlement Agreement as "ISK" or "Settling Defendants"), and Plaintiffs in *eMag Solutions, LLC, et al. v Toda Kogyo Corporation, et al.*, USDC, NDCA Action No. C-02-01611 PJH and *Cintas VAC, S.A. de C.V. v. Toda Kogyo Corporation, et al.*, USDC, NDCA Action No. C-02-01611 PJH (the "Actions"), both individually and on behalf of each and every member of the proposed settlement class (collectively, "Plaintiffs"), as defined in Paragraph 1, below (the "Settlement Class"). The parties agree to settle the claims asserted in the Actions.

WHEREAS, the initial complaint in this action was filed in the United States District Court for the Southern District of Illinois on December 20, 2000, captioned *eMag Solutions, LLC et al. v. Toda Kogyo Corporation, et al.*, USDC, S.D. Ill., Action No. 01-103-MJR; and

WHEREAS, this action was consolidated with *Greencorp Magnetics Pty Ltd. v. Toda Kogyo Corporation, et al.*, USDC, S.D. Ill., Action No. 00-967-MJR by an order of the Southern District of Illinois on September 21, 2001; and

WHEREAS, on March 28, 2002, these actions were transferred from the Southern District of Illinois to the Northern District of California pursuant to 28 U.S.C. Section 1406(a); and

WHEREAS, Plaintiffs have alleged, among other things, that Settling Defendants have acted unlawfully by combining, conspiring or otherwise engaging in a common course of conduct to fix, raise, maintain or stabilize prices of magnetic iron oxide ("MIO") (as defined in

382324.11



Paragraph 2, below), and Plaintiffs contend that they have suffered damages by paying more for MIO than they would have paid absent the alleged conspiracy; and

WHEREAS, Settling Defendants deny any liability whatsoever, as well as denying each and every one of Plaintiffs' allegations of unlawful conduct and have asserted a number of defenses to Plaintiffs' claims; and

WHEREAS, Cintas VAC, S.A. de C.V. ("Cintas VAC") has asserted claims individually, and not on behalf of any other class members, against Settling Defendants; and

WHEREAS, ISK has asserted a Counterclaim against Cintas VAC; and

WHEREAS, Cintas VAC denies any liability whatsoever on the Counterclaim, as well as denying each and every one of ISK's allegations of unlawful conduct; and

WHEREAS, Plaintiffs and Settling Defendants agree that neither this Settlement Agreement and Release (the "Agreement"), including its exhibits, nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants, any Released Parties (as defined herein), or any of their alleged co-conspirators, or evidence of the truth of any of the claims or allegations in the Actions; and

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and counsel for Settling Defendants and the Agreement, including its exhibits, setting forth all of the terms and conditions of the settlement between Settling Defendants and the members of the Settlement Class, is subject to the final approval of the Court; and

WHEREAS, both the Plaintiffs and their attorneys have had available to them certain testimony, documents and other materials generated during the Department of Justice's criminal

- 2 -

case entitled *United States v. Ishihara Sangyo Kaisha, Ltd., et al.*, USDC, ED Penn. Criminal No. 01-421; and

WHEREAS, Plaintiffs have conducted an extensive investigation into the facts and issues raised by the Actions, and have concluded that it would be in the best interests of the Settlement Class defined in Paragraph 1, below, to enter into this Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the Settlement Class; and

WHEREAS, the Settling Defendants have concluded, despite their belief that they are not liable for the claims asserted and have good defenses thereto, that they will enter into this Agreement solely to avoid the further expenses, inconvenience and burden of this protracted litigation, and the distraction and diversion of their personnel and resources, and thereby to put to rest this controversy with the Settlement Class, and to avoid the risks inherent in complex litigation; and

WHEREAS, Plaintiffs and their counsel have concluded that a settlement with Settling Defendants in the amount and on the terms hereafter set forth is in the best interests of the members of the Settlement Class and is fair, reasonable and adequate;

NOW THEREFORE, it is agreed by the undersigned on behalf of the Settling Defendants and on behalf of the Settlement Class, subject to the approval of the Court, that the Actions and all claims and Counterclaim asserted therein, be settled, compromised and dismissed on the merits and with prejudice as to the Settling Defendants and all other Released Parties, and, except as hereinafter provided, without costs to the Plaintiffs, the Settlement Class or the Settling Defendants, on the following terms and conditions:

1.      For settlement purposes only, the Plaintiffs and the Settling Defendants agree jointly to request that the Court define and certify the following class for purposes of effectuating this settlement:

> All persons, firms, corporations, partnerships, or other business entities who purchased MIO in American Commerce, directly from the Defendants or their co-conspirators, or any subsidiary or affiliate thereof, during the period from January 1, 1991 to October 12, 2005, and all United States persons, firms, corporations, partnerships, or other business entities who purchased MIO in American Commerce or in Purely Foreign Commerce, directly from the defendants or their co-conspirators, or any subsidiary or affiliate thereof, during the period from January 1, 1991 to October 12, 2005. The Class does not include the Defendants, their parents, subsidiaries and affiliates, other manufacturers of MIO and governmental entities.

2.      For purposes of this Agreement, the term "Magnetic Iron Oxide" or "MIO" means magnetic iron oxide particles/powder used in the manufacture of magnetic products including, but not limited to, audiotape and videotape; computer tape; floppy disks; mono-component toners and/or dual component toners; inks; and magnetic stripes used on products, including credit cards, airline boarding passes, transit and parking lot/garage tickets, and many other plastic or paper cards and tickets used in magnetic reading devices; "U.S. Imports" refers to sales of MIO manufactured outside of the United States and delivered in the United States; "Purely Domestic Commerce" refers to sales of MIO manufactured in the United States and delivered in the United States; "U.S. Exports" refers to sales of MIO manufactured in the United States and delivered outside of the United States; "Purely Foreign Commerce" refers to sales of MIO manufactured outside of the United States and delivered outside of the United States; and "American Commerce" includes U.S. Imports, Purely Domestic Commerce and U.S. Exports.

3.      Counsel for the undersigned agree to recommend approval of the Agreement to the Court and to undertake their best efforts, including all steps and efforts contemplated by the

- 4 -

Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of the Agreement.

4.      Within twenty-five (25) business days of the date hereof, counsel for Plaintiffs shall file with the Court a notice of motion and motion for hearing on:  (a) preliminary approval of the settlement contemplated by this Agreement (the "Settlement"); (b) scheduling a hearing for final approval of the proposed Settlement; (c) certification of the Settlement Class as defined in Paragraph 1, above; and (d) a stay of all proceedings in the Actions against Settling Defendants until the Court has approved this Agreement and entered a final judgment dismissing Settling Defendants, with prejudice, from the Actions.  The motion shall include: (a) a copy of this Agreement; (b) a copy of the proposed form of order, attached hereto as Exhibit 1, conditionally certifying the Settlement Class and preliminarily approving the Agreement; (c) a copy of the proposed form of Notice of the Settlement to the Settlement Class attached hereto as Exhibit 2, which will be made by personal notice, and which shall require that notice of any decision to opt out of or to be excluded from the Settlement Class, or to object to this Settlement, be given within ninety (90) days after notice is first provided to the members of the Settlement Class; and (d) a copy of the proposed form of order and final judgment attached hereto as Exhibit 3.  Plaintiffs shall request that a decision be made promptly on the papers or that a hearing on their motion for preliminary approval of the Settlement be held within thirty (30) days of the date of such motion.

5.      In the event that the Court preliminarily approves the Settlement, counsel for Plaintiffs shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's Order, promptly provide the Settlement Class members with notice of the hearing scheduled by the Court to consider the fairness, adequacy, and reasonableness of the proposed

- 5 -

Settlement (the "Settlement Hearing"), in the form attached hereto as Exhibit 2 (the "Notice").
The Notice shall be mailed within thirty (30) days of preliminary approval of the Settlement by
the Court, unless circumstances beyond the control of the parties to the Agreement prevent the
Plaintiffs' counsel from providing the Notice within thirty (30) days of preliminary approval of
the Settlement, in which case Plaintiffs' counsel shall take all necessary and appropriate steps to
ensure that the Notice is provided as soon as possible. The Notice shall be mailed, first-class
postage, to the last known address of all members of the Settlement Class. The Settling
Defendants shall provide Plaintiffs' Counsel with the names and addresses of all known
members of the Settlement Class.

      6.      Members of the Settlement Class shall have the right to opt out of the Settlement
Class pursuant to the procedure set forth in the Notice and thereby be excluded from this
Settlement. Within fifteen (15) business days after the last date by which any members of the
Settlement Class must provide notice of an intention to be excluded from the Settlement Class,
Plaintiffs' counsel shall provide a list of all members of the Settlement Class who have excluded
themselves therefrom to counsel for the Settling Defendants. In the event that the Settling
Defendants conclude for any reason that the number of members of the Settlement Class who
have requested exclusion from the Settlement Class substantially affects their interests in
proceeding with the Agreement, then Settling Defendants shall have the right, exercisable in
their sole and absolute discretion, to withdraw from the Agreement and thereby exclude
themselves from this Settlement by filing with the Court and serving on Plaintiffs' counsel
written notice of withdrawal within fifteen (15) days after the list of opt-outs is served on
Settling Defendants. If the Settling Defendants timely withdraw, the Agreement (except for
Paragraphs 16 and 18 thereof) shall be terminated, canceled, null and void, and all consideration

paid by Settling Defendants shall be returned forthwith, except that all costs and expenses for sending Notice to the Settlement Class shall be borne by the Settling Defendants alone.

7.    If the Court preliminarily approves the Settlement as set forth in the Agreement, then the parties hereto shall seek entry of an order and final judgment, in the form attached hereto as Exhibit 3:

(a)    Determining that the Settling Defendants and the Settlement Class have submitted to the jurisdiction of the Court for purposes of the proposed Settlement, that the Court has personal jurisdiction over the settling parties and the members of the Settlement Class, and that the Court has subject matter jurisdiction to approve the Agreement;

(b)    Finding that the proposed Settlement Class satisfies the requirements of a class action under Federal Rules of Civil Procedure, Rule 23, and is certified for settlement purposes only;

(c)    Finding that the notice methodology implemented pursuant to Paragraph 5 of this Agreement:  (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of the Actions, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process, the Federal Rules of Civil Procedure and any other applicable rules of the Court;

(d)    As to the Actions, approving finally this Agreement and its terms as being in good faith and a fair, reasonable and adequate settlement as to the members of the Settlement Class, and directing its consummation pursuant to its terms;

(e)    Directing that, as to the Settling Defendants, the Actions be dismissed with prejudice and, except as provided for herein, without attorneys' fees, litigation expenses or costs;

(f)    Directing that, as to Cintas VAC, the Counterclaim be dismissed with prejudice and, except as provided to herein, without attorneys' fees, litigation expenses or costs;

(g)    Reserving exclusive jurisdiction over the Settlement and the Agreement, including the administration and consummation of this Settlement;

382324.11

(h)    Determining that there is no just reason for delay and directing that the judgment of dismissal shall be final and appealable;

(i)    Directing that, for a period of five (5) years, the Clerk of the Court shall maintain the record of those Settlement Class Members who have timely excluded themselves from the Settlement Class and that a certified copy of such records shall be provided to the Settling Defendants, at their expense; and

(j)    Incorporating the release set forth below (in Paragraph 15 of the Agreement), and forever discharging the Released Parties (as defined in Paragraph 15, below) from any claims or liabilities relating to the Actions or any Released Claims (as defined in Paragraph 15, below).

8.    This Agreement shall become final upon the occurrence of all of the following four events:

(a)    The Settlement as set forth in the Agreement is approved in all respects by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(b)    Entry, as provided for in Paragraph 7, is made of the order and final judgment (in substantially the form of Exhibit 3 hereto) of dismissal with prejudice in favor of the Settling Defendants and against all Plaintiffs and members of the Settlement Class who have not timely excluded themselves from the Actions;

(c)    The time for appeal or to seek permission to appeal from the Court's approval of the Settlement and entry of a final judgment as described in Paragraph 7 hereof has expired with no appeal having been taken or permission to appeal having been sought; or, if appealed, approval of the Settlement and final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review; and

(d)    The time for Settling Defendants to withdraw from the Agreement (pursuant to the provisions of Paragraph 6) has expired.

9.    In the event that the Court refuses to approve the Settlement, or any material part thereof, or the final judgment described in Paragraph 7 is not entered, or the Court's approval of the Settlement in such final judgment is set aside in whole or in material part on appeal, then this Agreement (except for Paragraphs 16 and 18 hereof) shall become null and void unless the

parties hereto promptly agree in writing to proceed with the Settlement consistent with the opinions issued by the Court concerned.  A modification or reversal on appeal of any amount of Plaintiffs' counsel's fees and costs awarded by the Court solely from the Settlement Amount, as defined in Paragraph 13, below, shall not be deemed a modification of all or a part of the terms of the Settlement or such final judgment.  An appeal solely from the judgment approving an award of attorneys' fees and costs and the payment thereof to Plaintiffs' counsel shall not affect the finality of the approval of the Settlement.

10.      In full and complete settlement of all claims which have been, might have been, are now or could be asserted in these Actions against the Released Parties (as defined in Paragraph 15 below), Settling Defendants shall pay a total of $3,250,000 Dollars (three million two hundred fifty thousand (U.S.) dollars) (the "Settlement Amount").  ISK has also agreed to pay the named plaintiffs the following amounts as incentive awards for their serving as class representatives:  eMag Solutions, LLC:  $15,000; eMag Solutions, Limited:  $10,000; Greencorp Magnetics Pty Ltd.:  $15,000; and Delta Magnetics, S.A. de C.V.:  $10,000; and shall dismiss with prejudice the Counterclaims against Cintas VAC.  Such Settlement Amount shall be paid into the Escrow Account provided for in Paragraph 11, below, within fifteen (15) business days after the execution of this Agreement.  Except for the costs of notice, all costs and attorneys' fees shall be paid out of the Settlement Amount only when the Agreement has become final as provided in Paragraph 8, above.

11.      Subject to Court approval, the Settlement Amount shall be invested in an interest-bearing escrow account (the "Escrow Account") that the escrow agents named below have opened at Citibank Private Bank, One Sansome Street, 24th Floor, San Francisco, California 94104, or at such other bank or banks as is consistent with proper security, with Joshua P. Davis,

- 9 -

Kimberly S. Keevers, and Eric B. Fastiff serving as Co-Escrow Agents. Only two signatures will be necessary from the above-named co-escrow agents for the bank to disburse any funds. Any interest earned on any amounts in the Escrow Account shall become and remain a part of the Escrow Account. Except for the cost of disseminating the Notice, any disbursements for costs and expenses of litigation, as well as expenses of administering the Settlement, shall be made from time-to-time only upon the approval and order of the Court, and, only after the Agreement has become final as provided in Paragraph 8 herein. Except as expressly provided for in this Agreement, Settling Defendants shall have no obligation or responsibility with respect to the allocation, administration, or distribution of the Settlement Amount or the Escrow Account.

12.    (a) Plaintiffs, Settling Defendants and the Co-Escrow Agents named in Paragraph 11 agree to treat the Escrow Account as being at all times a single "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1. The Co-Escrow Agents shall comply with all requirements applicable to qualified settlement funds and shall take any action or cause the Escrow Account to take any action necessary to create and maintain the status of the Escrow Account as a qualified settlement fund. At the request of Settling Defendants, a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the parties hereto shall take all actions as may be necessary or appropriate to this end. In addition, the Co-Escrow Agents shall not take any action that would adversely affect the qualification of the Escrow Account as a qualified settlement fund or would cause the Escrow Account to be treated as a grantor trust for tax purposes.

382324.11

(b)  For the purposes of Section 468B of the Internal Revenue Code of 1986, and Treas. Reg. Section 1.468B-2(k)(3), the "administrator" shall be the Co-Escrow Agents.  The Co-Escrow Agents shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Escrow Account (including without limitation the returns described in Treas. Reg. Section 1.468B-2(k)(1) and Treas. Reg. Section 1.468B-2(1)). Such returns shall be consistent with this Paragraph 12(b) and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in Paragraph 12(c) herein.

(c)  All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Escrow Account ("Taxes") and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraph 12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 12) ("Tax Expenses"), shall be paid out of the Escrow Account.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Co-Escrow Agents out of the Escrow Account when approved by the Court, and the Co-Escrow Agents shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)).  All parties to the Agreement agree to cooperate with the Co-Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph 12.

- 11 -

(d) During such period of time, if any, when the Escrow Account is not a qualified settlement fund, the Co-Escrow Agents shall pay to the Settling Defendants in a timely fashion sufficient funds to enable them to pay all Taxes and Tax Expenses with respect to income earned by the Escrow Account.

13. Attorneys' fees, litigation costs, administration costs, and costs of implementing the Settlement as the Court awards (the "Court Award") shall be paid solely from the Settlement Amount. The Settling Defendants agree that counsel for Plaintiffs and the Settlement Class shall be entitled to such attorneys' fees as the Court awards, up to one-third of the Settlement Amount. In addition, Settling Defendants agree that Plaintiffs' counsel shall be entitled to be paid their litigation expenses and costs as the Court awards from the Settlement Amount. The Court Award shall be paid out of the Settlement Amount upon entry of an order awarding attorneys' fees and costs when the Agreement has become final as provided in Paragraph 8, above. In no event shall the Settling Defendants be under any obligation to pay anything in excess of the Settlement Amount ($3,250,000 Dollars (three million two hundred fifty thousand (U.S.) dollars) in cash) in connection with the Agreement, plus the incentive awards, and Settling Defendants shall have no obligation to pay any of Plaintiffs' attorneys' fees, litigation expenses, or costs whatsoever, except as provided herein. Any member of the Settlement Class may appear before the Court and may file an opposition to or support for the award of attorneys' fees, litigation expenses and costs pursuant to a schedule to be set by the Court in accordance with this Agreement.

14. The consideration provided to the members of the Settlement Class pursuant to Paragraph 10 of the Agreement (which shall be the sole monetary recovery of the Settlement Class from the Settling Defendants) is in full, complete and final settlement of the Actions, and

- 12 -

shall be the sole obligation of the Settling Defendants to support full and complete settlement and satisfaction of all claims against the Settling Defendants as defined in Paragraph 16, below, and the Settling Defendants shall be released hereunder by the Plaintiffs and all members of the Settlement Class who have not timely excluded themselves from the Actions.

15. (a) In addition to the effect of any final judgment entered in accordance with the Agreement, upon the Agreement becoming final, Settling Defendants and their present and former direct and indirect parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents and any of their legal representatives (and the present and former parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents, and legal representatives of each of the foregoing), and the predecessors, heirs, executors, administrators, successors, and assigns of each such entity and individual ("Released Parties") shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that all Plaintiffs and all Settlement Class members who have not timely excluded themselves from the Actions (including their present and former direct and indirect parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents and any of their legal representatives (and the present and former parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents, and legal representatives of each of the foregoing), and the predecessors, heirs, executors, administrators, successors, and assigns of each such entity and individual) ("Releasing Parties"), whether or not they object to the Settlement, ever had, now have, or hereafter can, shall or may have, whether directly, representatively, derivatively or in any other capacity, relating in any way to any conduct during

- 13 -

the Class Period as set forth in the Complaints in the Actions and relating in any way to the

pricing, marketing, or distribution of MIO (as defined in Paragraph 2 above), including without

limitation claims which have been asserted or could have been asserted in any litigation against

the Released Parties, and which arise under or relate to any federal or state antitrust, unfair

competition, unfair practices, price discrimination, unitary pricing or trade practice law, or other

similar law or regulation or common law, including, without limitation, the Sherman Antitrust

Act, 15 U.S.C. Section 1, *et seq.*, and the Clayton Act, 15 U.S.C. Sections 15 and 26 (the

"Released Claims"). Nothing in this Agreement is intended to release any nonsettling defendant,

or any manufacturer of MIO, other than the Released Parties. Each Releasing Party hereby

covenants and agrees that he, she or it hereafter shall not assert any claim, demand, action, suit,

cause of action, whether class or individual, against any Released Party based, in whole or in

part, upon any of the Released Claims. No claims other than the Released Claims shall be

released. Personal injury claims or product defect claims are not released.

      (b)   Each member of the Settlement Class hereby expressly agrees that, upon the

Agreement becoming final pursuant to Paragraph 8 hereof, it waives and releases with respect to

the Released Claims, to the fullest extent permitted by law, any and all provisions, rights and

benefits conferred by (i) § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor;

and (ii) any similar state, federal or other law, rule or regulation or principle of common law.

      (c)   ISK hereby agrees that, upon the Agreement becoming final pursuant to Paragraph 8

hereof, it waives and releases with respect to the Released Claims, to the fullest extent permitted

by law, any and all provisions, rights and benefits conferred by (i) § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

and (ii) any similar state, federal or other law, rule or regulation or principle of common law.

(d)   Each Releasing Party and each Settling Defendant may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims or the Counterclaim, respectively, but each hereby expressly agrees that, upon the Agreement becoming final, it shall have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims or the Counterclaim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts.

16.   In the event the Agreement does not become final pursuant to Paragraph 8 hereof, or if ISK withdraws pursuant to Paragraph 6 hereof, the Settlement Amount, including any and all interest earned thereon, shall be returned to ISK and, upon such return, any release or covenant not to sue pursuant to Paragraphs 15 shall be of no force or effect with respect to the Released Parties.

17.   In the event that the Settlement becomes final in accordance with the provisions of Paragraph 8, above, ISK and the members of the Settlement Class propose that the Net Settlement Amount (*i.e.*, the Settlement Amount after deduction of Court-awarded attorneys' fees and litigation expenses and costs) be paid to each member of the Settlement Class who

timely files a claim for its qualified purchases of MIO.  The fund shall be distributed according to a plan of allocation to be proposed by Class Counsel and approved by the Court.

18.     In the event that the Settlement does not become final in accordance with the terms hereof, then this Agreement (except for Paragraphs 16 and 18 hereof) shall be of no force or effect and, in any event, the parties hereto agree that the Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by ISK or of the truth of any of the claims or allegations contained in the complaints in the Actions or any other pleading, and evidence thereof shall not be discoverable or used directly or indirectly in any way, whether in the Actions or in any other action or proceeding.  ISK expressly reserves all of its rights if the Settlement does not become final in accordance with the terms of the Agreement.  In the event the Agreement is terminated, the Agreement and all matters leading up to or related to the Settlement shall continue to be treated as confidential settlement communications.

19.     ISK agrees that it will cooperate with the Plaintiffs in prosecuting the Actions against the non-Settling Defendants by authenticating as ISK business records certain ISK documents, producing certain ISK Magnetics, Inc. transactional documents, and providing comments to a list of meetings Plaintiffs will provide to ISK.  In no event will ISK provide additional discovery, including without limitation, interviews or live testimony.

20.     The Agreement shall be binding upon, and inure to the benefit of, the successors of the parties hereto.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Settlement Class.

382324.11

21.     The Agreement contains an entire, complete and integrated statement of each and every term and provision agreed to by and among the parties and is not subject to any condition not provided for herein.  The Agreement shall not be modified in any respect except by a writing executed by all the parties hereto.

22.     Any inconsistency between this Agreement and the exhibits attached hereto shall be resolved in favor of the Agreement.

23.     None of the parties hereto shall be considered to be the drafter of the Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof.

24.     All terms of the Agreement and the exhibits hereto shall be governed by and interpreted according to the substantive laws of the United States without regard to choice-of-law or conflict-of-laws principles.

25.     ISK, the Co-Escrow Agents, and all members of the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Escrow Account, the Agreement or the applicability of the Agreement and exhibits hereto.  Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of Paragraph 15 (including but not limited to any suit, action or proceeding by a Plaintiff in which the provisions of Paragraph 15 are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection) constitutes a suit, action or proceeding arising out of or relating to the Agreement and exhibits hereto.  In the event the provisions of Paragraph 15 are asserted by ISK as a defense, in whole or in part, to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding by a Plaintiff, it is hereby agreed that ISK shall be entitled to a stay of that

- 17 -

suit, action or proceeding until the Court has entered a final judgment no longer subject to any

appeal or review determining any issues relating to the defense or objection based on such

provisions.  Solely for purposes of such suit, action or proceeding, to the fullest extent they may

effectively do so under applicable law, the parties hereto irrevocably waive and agree not to

assert, by way of motion, as a defense or otherwise, any claim or objection that they are not

subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an

inconvenient forum.

      26.     The Agreement may be executed in counterparts.  Facsimile signatures shall be

considered as valid signatures as of the date hereof, although the original signature pages shall

thereafter be appended to the Agreement.

      27.     This Agreement shall become effective, upon its execution by the undersigned, as

of October 12, 2005.

<div style="margin-left:40%;">

Eric B. Fastiff
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 3000
Embarcadero Center West
San Francisco, CA  94111-3339
Telephone:    (415) 956-1000
Facsimile:     (415) 956-1008

Michael J. Brickman
Kimberly S. Keevers
James C. Bradley
Richardson Patrick Westbrook & Brickman, LLC
174 East Bay Street
P.O. Box 879 (29402)
Charleston, SC 29401
Telephone:    (843) 727-6500
Facsimile:     (843) 216-9597

</div>

382324.11

Joshua P. Davis
Law Offices of Joshua P. Davis
437 Valley Street
San Francisco, CA 94131
Telephone:    (415) 422-6223

Lowell Brickman
Law Offices of Lowell Brickman
4024 Enclave Mesa Circle
Austin, TX  78731
Telephone:    (512) 493-5718

Stephen M. Tillery
Korein Tillery, LLC
701 Market Street, Suite 300
St. Louis, MO 63101
Telephone:    (314) 241-4844
Facsimile:    (314) 241-3525

Francis O. Scarpulla
Law Offices of Francis O. Scarpulla
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:  (415) 788-0707


By:    _____/s/_____
          Kimberly S. Keevers

Attorneys for Individual & Representative Plaintiff
EMAG SOLUTIONS, LLC, EMAG SOLUTIONS
LIMITED, GREENCORP MAGNETICS PTY,
LTD, and DELTA MAGNETICS, S.A. de C.V.,
and Individual Plaintiff CINTAS VAC, S.A.
de C.V.


for SETTLING DEFENDANTS

382324.11

Christopher B. Hockett
Viveka Agren Rydell
Bingham McCutchen, LLP
Three Embarcadero Center, 18th Floor
San Francisco, CA 94111-4067
(415) 393-2000
(415) 393-2286 (f)

Leslie W. Jacobs
Thomas J. Collin
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
(216) 566-5500

Daveed A. Schwartz
Pillsbury Winthrop Shaw Pittman, LLP
50 Fremont Street
San Francisco, CA  94105-2228
phone: (415) 983-1000
fax:     (415) 983-1200

Sutton Keany
Mark R. Hellerer
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway, 22nd Floor
New York, NY 10036
phone: (212) 858-1000
fax:     (212) 858-1500


By:      _____/s/_____
           Sutton Keany

For Defendant
ISHIHARA SANGYO KAISHA, LTD. and on
behalf of Defendants ISK MAGNETICS, INC.; ISK
AMERICAS, INC.; ISHIHARA CORP. (USA)

- 20 -

# EXHIBIT 1

1   Joseph R. Saveri (State Bar No. 130064)
    Eric B. Fastiff (State Bar No. 182260)
2   Peter E. Leckman (State Bar. No. 235721)
    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3   275 Battery Street, 30th Floor
    San Francisco, CA  94111-3339
4   Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
5
    Attorneys for Individual and Representative Plaintiffs
6   eMag Solutions LLC, eMag Solutions Limited,
    Greencorp Magnetics Pty Ltd., and Delta Magnetics,
7   S.A. de C.V. and Individual Plaintiff Cintas VAC, S.A.
    de C.V.
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11   eMAG SOLUTIONS LLC, eMAG SOLUTIONS          No. C-02-1611 (PJH)
     LIMITED, GREENCORP MAGNETICS PTY LTD., and
12   DELTA MAGNETICS, S.A. de C.V., on behalf of    **[PROPOSED] ORDER**
     themselves and all others similarly situated,   **PRELIMINARILY**
13                                                    **APPROVING CLASS ACTION**
                    Plaintiffs,                       **SETTLEMENT WITH THE ISK**
14                                                    **DEFENDANTS**
     v.
15
     TODA KOGYO CORPORATION; TODA AMERICA,       Judge: The Honorable Phyllis J.
16   INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.;           Hamilton
     SAKAI TRADING CO., LTD.; SAKAI TRADING NEW
17   YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA;
     ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS
18   INCORPORATED; ISK MAGNETICS, INC.; and
     ISHIHARA CORPORATION (USA),
19
20                  Defendants.

21   CINTAS VAC, S.A. de C.V.

22                  Plaintiff,

23        v.

24   TODA KOGYO CORPORATION; TODA AMERICA,
     INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.;
25   SAKAI TRADING CO., LTD.; SAKAI TRADING NEW
     YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA;;
26   ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS
     INCORPORATED; ISK MAGNETICS, INC.; and
27   ISHIHARA CORPORATION (USA),

28                  Defendants.

EXHIBIT 1

1    This matter is before the Court on the Plaintiffs' motion, pursuant to Federal Rule

2    of Civil Procedure 23, for an order preliminarily approving the partial settlement of this matter in

3    accordance with a Settlement Agreement dated October 12, 2005 (the "Agreement"), a copy of

4    which is attached hereto as Exhibit A and incorporated herein, which, together with the exhibits

5    annexed to it, sets forth the terms and conditions for a proposed settlement and dismissal with

6    prejudice of this action on a class-wide basis with Ishihara Sangyo Kaisha, Ltd., and its wholly-

7    owned affiliated or controlled subsidiaries ISK Americas Incorporated, ISK Magnetics, Inc., and

8    Ishihara Corporation (USA) ("ISK" or "Settling Defendants"). Having read and considered the

9    Agreement, as well as the exhibits annexed thereto, and having heard the parties and given due

10   consideration, the Court grants the Plaintiffs' application for this Order Preliminarily Approving

11   Class Action Settlement.

12          THEREFORE:

13          1.      For purposes of this Order, except as set forth herein, the Court adopts and

14   incorporates the definitions in the Agreement.

15          2.      (a)      For settlement purposes only and pursuant to Federal Rule of Civil

16   Procedure 23, the Court certifies the following Settlement Class:

17          All persons, firms, corporations, partnerships, or other business
            entities who purchased MIO in American Commerce, directly from
18          the Defendants or their co-conspirators, or any subsidiary or
            affiliate thereof, during the period from January 1, 1991 to October
19          12, 2005, and all United States persons, firms, corporations,
            partnerships, or other business entities who purchased MIO in
20          American Commerce or in Purely Foreign Commerce, directly from
            the defendants or their co-conspirators, or any subsidiary or affiliate
21          thereof, during the period from January 1, 1991 to October 12,
            2005. The Class does not include the Defendants, their parents,
22          subsidiaries and affiliates, other manufacturers of MIO and
            governmental entities.
23

24                 (b)      The Court finds that the Settlement Class is an ascertainable class,

25   consisting of scores of members, rendering it too large to make any form of joinder a viable

26   alternative. See the accompanying Declaration of Kimberly S. Keevers in Support of Motion for

27   Preliminary Approval of Class Actions Settlement with ISK Defendants ("Keevers Decl., ¶ 8.")

28                 (c)      The Court also finds that the members of the Settlement Class share

1    a community of interest in that: (i) this action raises common questions of law and fact that

2    predominate over individual interests; (ii) the named plaintiffs' claims are typical of the claims of

3    absent members of the Settlement Class and are based on the same legal theories; and (iii) the

4    named plaintiffs and their counsel will adequately protect the interests of the Settlement Class.

5    Keevers Decl., ¶¶ 8-12.

6            (d)      Plaintiffs' Counsel, Kimberly S. Keevers, Eric B. Fastiff, and

7    Joshua P. Davis are designated as Class Counsel and are authorized to negotiate and enter into

8    this and other settlements, subject to Court approval, on behalf of any and all Plaintiffs and

9    members of the Settlement Class.

10           3.      The Court finds that the settlement (as set forth in the Agreement) agreed

11   to by the parties falls within the range of reasonableness. The Court further finds that there is

12   sufficient basis for notifying the class of the proposed settlement, and for enjoining class

13   members from proceeding in any other actions pending the opt-out period and Settlement Hearing

14   as set forth below.

15           4.      The Court hereby preliminarily approves the Agreement, subject to a

16   hearing on the Final Approval of this Settlement (the "Settlement Hearing").

17           5.      The Settlement Hearing shall be held before this Court on August 16, 2006,

18   at 9:00 a.m., in Courtroom 3 of the United District Court, Northern District of California, 450

19   Golden Gate Avenue, San Francisco, California to determine whether the proposed settlement of

20   this action on the terms and conditions provided for in the Settlement Agreement with Settling

21   Defendants is fair, reasonable, and adequate and should be approved by the Court and whether a

22   judgment approving the settlement should be entered. The Court may continue or adjourn the

23   Settlement Hearing without further notice to members of the Settlement Class.

24           6.      The Court approves, as to form and content, the Notice of Class

25   Certification, Proposed Settlement, and Hearing ("Notice") in the format attached to the

26   Settlement Agreement as Exhibit 2. The Court further finds that sending the Notice by first-class

27   mail to each Settlement Class member and publishing the Notice on the Internet constitutes the

28   best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to

1 all persons entitled thereto and complies fully with the requirements of federal law and the United

2 States Constitution.

3        7.      The Court finds that it has subject matter jurisdiction over this matter

4 pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1; Sections 4(a) and 16 of the Clayton Act,

5 15 U.S.C. §§ 15 and 26; and 28 U.S.C. §§ 1331 and 1337.

6        8.      The Court finds that it has personal jurisdiction over all named Plaintiffs

7 and, upon dissemination of the Notice pursuant to this Order and upon commencement of the opt-

8 out period, all Settlement Class members.

9        9.      The Court shall retain subject matter jurisdiction over the settlement

10 agreement.

11        10.      Plaintiffs are hereby authorized to retain, at their option, a claims

12 administrator to supervise and administer the notice procedures as well as the processing of

13 requests for exclusion and other aspects of this proposed settlement, as more fully set forth below:

14                (a)      Plaintiffs shall notify the Settlement Class members of the class

15 certification and proposed settlement by U.S. Mail, in the form of Notice attached to the

16 Settlement Agreement as Exhibit 2.

17                (b)      Plaintiffs shall also publish the fact and details of settlement.

18                (c)      Settlement Class members shall have no more than ninety (90) days

19 after the date on which the Notice is mailed to request exclusion from the Settlement Class.  Opt-

20 out requests postmarked more than ninety (90) days after such mailing shall be invalid.

21                (d)      At or prior to the Settlement Hearing, Plaintiffs shall serve on

22 Settling Defendants' counsel and file with the Court proof, by declaration, of dissemination of the

23 Notice.  Plaintiffs shall also serve upon Settling Defendant's counsel a list of the persons who

24 wish to exclude themselves from the settlement, as provided in the Settlement Agreement.

25        11.      Members of the Settlement Class who have not requested exclusion in the

26 time and manner set forth in the Notice shall be bound by all orders and judgments entered in this

27 litigation, whether favorable or unfavorable to the Settlement Class.

28        12.      Settlement Class members may enter an appearance in this litigation

1   through counsel of their own choice, at their own expense.  If they do not enter such an

2   appearance they will be represented by Class Counsel.

3            13.     Any member of the Settlement Class who has not requested exclusion may

4   appear at the Settlement Hearing and show cause why the proposed settlement contained in the

5   Settlement Agreement should not be approved as fair, reasonable, and adequate, and why a

6   judgment should not be entered dismissing this matter with prejudice in accordance with the

7   terms of the Settlement Agreement, or why expense reimbursements and attorneys' fees should

8   not be awarded to Class Counsel and/or other counsel for the Plaintiffs in the amounts requested;

9   provided, however, that no members of the Settlement Class or any other person shall be heard or

10   entitled to contest the approval of the terms and conditions of the proposed settlement or, if

11   approved, the judgment to be entered thereon approving the same, or the expense reimbursement

12   and attorneys' fees to be awarded Plaintiffs' counsel, unless, within ninety (90) days after the date

13   on which the Notice is mailed, that person has:  (a) served by hand or by first class mail a notice

14   of his/her/its intention to appear (which shall set forth each objection and basis therefor) and

15   copies of any papers in support of that position, and proof that such person is a member of the

16   Settlement Class, upon:  Plaintiffs' Counsel, Eric B. Fastiff, Lieff Cabraser Heimann & Bernstein,

17   LLP, 275 Battery Street, 30th Floor, San Francisco, CA 94111, and Settling Defendants' Counsel,

18   Sutton Keany, reachable via Pillsbury Winthrop Shaw Pittman, LLP, 1540 Broadway, 22nd Floor,

19   New York, NY 10036 or Berger & Webb, LLP, 1633 Broadway, New York, NY 10019; and

20   (b) filed the notice of intention to appear and supporting papers with the Clerk, United States

21   District Court, Northern District of California, with proof of service on the above attorneys,

22   including paying any appearance fees as may be required by the Clerk's Office.

23            14.     Any member of the Settlement Class who does not file an objection in the

24   time and manner provided shall be deemed to have waived such objection and shall forever be

25   foreclosed from making any objection to the fairness or adequacy of the proposed settlement as

26   incorporated in the Settlement Agreement and any expense reimbursement to Plaintiffs' counsel,

27   unless otherwise ordered by the Court.

28            15.     If the Court finally approves this settlement, all Settlement Class members

1  who have not timely requested exclusion from the Settlement Class shall be barred from asserting

2  any Released Claims against the Released Parties, and all of them, and shall be conclusively

3  deemed to have released any and all such Released Claims as against all of the Released Parties.

4       16.   All moving papers in support of this settlement, and any applications for

5  reimbursement of expenses and attorneys' fees shall be filed at least thirty-five (35) days prior to

6  the Settlement Hearing.

7       17.   All Settlement Class members who have not properly and timely requested

8  exclusion from the Settlement Class shall be bound by any and all orders and judgments entered

9  by this Court, whether favorable or unfavorable to the Settlement Class, unless this settlement has

10  been disapproved by this Court or any appellate court, and any appeals of such an order have

11  been finally resolved.

12       FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

13

14  Dated:

15                                     The Honorable Phyllis J. Hamilton
                                       United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you bought Magnetic Iron Oxide (MIO) between January 1, 1991 and October 12, 2005, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiffs, buyers of Magnetic Iron Oxide ("MIO"), have reached a partial settlement of this case with Ishihara Sangyo Kaisha, Ltd., and its wholly-owned, affiliated, or controlled subsidiaries ISK Americas Incorporated, ISK Magnetics, Inc., and Ishihara Corporation (USA) and Sakai Chemical Industry Co., Ltd., Sakai Trading Co., Ltd. and Sakai Trading New York, Inc. (the "ISK/Sakai Defendants").

- The partial settlement will provide $3,550,000 for the benefit of companies that bought MIO between January 1, 1991 and October 12, 2005.  To benefit from the settlement you must have purchased MIO from at least one of these companies:  Ishihara Sangyo Kaisha, Ltd., ISK Americas Incorporated, ISK Magnetics, Inc., Ishihara Corporation (USA); Toda Kogyo Corporation; Toda America, Inc.; Sakai Chemical Industry Co., Ltd.; Sakai Trading Co., Ltd.; Sakai Trading New York, Inc.; or Titan Kogyo Kabushiki Kaisha ("Defendants").

- The partial settlement will also provide incentive payments in the following amounts to the named Plaintiffs who were actively involved in the case: eMag Solutions, LLC: $15,000; eMag Solutions Limited.: $10,000; Greencorp Magnetics Pty Ltd.: $15,000; Delta Magnetics, S.A. de C.V.: $10,000; and CintasVac, S.A. de C.V.: dismissal with prejudice of a $250,000 counterclaim.

- The settlement resolves part of a lawsuit over whether Defendants agreed to fix MIO prices; it avoids costs and risks to you from continuing the lawsuit against the ISK/Sakai Defendants; it pays money to buyers like you; and it releases the ISK/Sakai Defendants from liability.

- Court-appointed lawyers for MIO buyers will ask the Court for up to 30% of the total settlement amount as fees plus expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The Plaintiffs and ISK/Sakai Defendants disagree on how much money could have been won by the Plaintiffs if they had proceeded to go to trial against the ISK Defendants.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- This legal case continues against Toda Kogyo Corporation; Toda America, Inc.; and Titan Kogyo Kabushiki Kaisha (the "non-settling Defendants").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PROVIDE CONTACT INFORMATION** | Provide contact information to Class Counsel.  To ensure that you will receive notice in time to apply for a share of the settlement funds, complete the attached form and send it to Class Counsel or provide the information on the Website at www.mio-settlement.com. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against ISK or any of the Sakai Defendants relating in any way to the conduct which is the subject of the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |

QUESTIONS?  CALL _____ TOLL FREE OR VISIT MIO-SETTLEMENT.COM

490271.5

EXHIBIT 2

| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will not be made until the Court approves the settlement and a plan of allocation and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION                                           PAGE 3

1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

### WHO IS IN THE SETTLEMENT                                    PAGE 4

5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

### THE SETTLEMENT BENEFITS—WHAT YOU GET                        PAGE 5

8. What does the settlement provide?
9. When will I get paid?

### HOW YOU GET A PAYMENT—
### PROVIDING CONTACT INFORMATION TO CLASS COUNSEL              PAGE 6

10. How can I receive updates on the distribution of settlement funds?
11. What am I giving up if I stay in the Class?

### EXCLUDING YOURSELF FROM THE SETTLEMENT                      PAGE 6

12. How do I get out of the settlement?
13. If I don't exclude myself, can I sue ISK for the same thing later?
14. If I exclude myself, can I get money from this settlement?

### THE LAWYERS REPRESENTING YOU                                PAGE 7

15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

### OBJECTING TO THE SETTLEMENT                                 PAGE 8

17. How do I tell the Court that I don't like the settlement?
18. What's the difference between objecting and excluding?

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

490271.5

THE COURT'S FAIRNESS HEARING                                    PAGE 8

19. When and where will the Court decide whether to approve the settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

IF YOU DO NOTHING                                               PAGE 9

22. What happens if I do nothing at all?

GETTING MORE INFORMATION                                       PAGE 10

23. Are there more details about the settlement?
24. How do I get more information?

## BASIC INFORMATION

| **1.** | **Why did I get this notice package?** |
|---|---|

You or your company may have purchased MIO between January 1, 1991 and October 12, 2005.

The Court sent you this notice because you have a right to know about a proposed partial settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and the plan of allocation and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *eMag Solutions LLC, et al. v. Toda Kogyo Corp., et al.,* Case No. C-02-1611 (PJH). The people who sued are called Plaintiffs, and the companies they sued are called the Defendants.

| **2.** | **What is the lawsuit about?** |
|---|---|

The Defendants are Ishihara Sangyo Kaisha, Ltd., and its wholly-owned affiliated or controlled subsidiaries ISK Americas Incorporated, ISK Magnetics, Inc., and Ishihara Corporation (USA); and Toda Kogyo Corporation; Toda America, Inc.; Sakai Chemical Industry Co., Ltd.; Sakai Trading Co., Ltd.; Sakai Trading New York, Inc.; and Titan Kogyo Kabushiki Kaisha. The lawsuit claimed that the Defendants fixed the prices of MIO they sold.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

## 3.      Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, eMag Solutions LLC, eMag Solutions Limited, Greencorp Magnetics Pty Ltd., and Delta Magnetics, S.A. de C.V.), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Phyllis J. Hamilton is in charge of this class action.

## 4.      Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Plaintiffs have settled with two groups of Defendants - - the ISK Defendants and the Sakai Defendants. The Plaintiffs think they could have won if they had to go to trial against the ISK/Sakai Defendants. The ISK/Sakai Defendants think the Plaintiffs would not have won anything from a trial against them. But there has been no trial. Instead, the ISK/Sakai Defendants and the Plaintiffs agreed to a settlement. That way, they avoid the cost of a trial against the ISK/Sakai Defendants, and the people affected will get the benefits of the settlement. The Class Representatives and the attorneys think the settlement is best for all Class Members. The case continues against the other, non-settling Defendants.

## WHO IS IN THE SETTLEMENT

To see if you may receive money from this settlement, you first have to decide if you are a Class Member.

## 5.      How do I know if I am part of the settlement?

Judge Hamilton decided that everyone who fits this description is a Class Member.

The settlement Class includes: All persons, firms, corporations, partnerships, or other business entities that purchased MIO as an import to the United States, or as an export from the United States, or within the United States, directly from the Defendants, or any subsidiary or affiliate thereof, during the period beginning January 1, 1991 to October 12, 2005, and all United States located persons, firms corporations, partnerships, or other business entities who purchased MIO, manufactured outside of the United States and delivered outside of the United States directly from the Defendants or any subsidiary or affiliate thereof, during the period beginning January 1, 1991 to October 12, 2005.

## 6.      Are there exceptions to being included?

The Class does not include the Defendants, their parents, subsidiaries, and affiliates, other

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

490271.5

manufacturers of MIO, and governmental entities.

## 7.    I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-000-0000 or visit www.mio-settlement.com for more information.  Or you can fill out and return the contact form described in question 10, to see if you are included in the Class.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8.    What does the settlement provide?

The ISK/Sakai Defendants have agreed to create a $3,550,000 fund.  That fund, plus other funds which may be obtained from other Defendants in the future, less any amounts the Court awards to the attorneys as fees and reimbursement of costs, may be divided among all Class Members who send in a valid claim form.  The ISK Defendants have also agreed to pay the named Plaintiffs the following amounts as incentive awards for their serving as Class Representatives: eMag Solutions, LLC:  $15,000; eMag Solutions, Limited:  $10,000; Greencorp Magnetics Pty Ltd.:  $15,000; Delta Magnetics, S.A. de C.V.:  $10,000; and Cintas VAC, S.A. de C.V.: dismissal with prejudice of a $250,000 counterclaim.  (Cintas VAC filed its own case against the same Defendants alleging the same conspiracy to fix MIO prices.)

## 9.    When will I get paid?

You will get paid once the Court has approved the settlement and a plan of allocation to Class Members. If the proposed settlement is approved by the Court, this case will continue against all of the Defendants other than the ISK/Sakai Defendants.  Class Counsel may seek approval of a plan of allocation for the funds received from the ISK/Sakai Defendants while the litigation is pending against the non-settling Defendants or Class Counsel may await resolution of the claims against one or more of those Defendants before asking the Court to distribute settlement funds, and Class Counsel may seek leave of the Court to use the Settlement monies to fund the ongoing litigation. Class members will receive notice of any plan of allocation prior to any disbursement of funds.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

- 5 -

490271.5

# HOW YOU GET A PAYMENT—
# PROVIDING CONTACT INFORMATION TO CLASS COUNSEL

### 10. How can I receive updates on the distribution of settlement funds?

If you provide contact information to Class Counsel, they will inform you about the claims process and update you about any distributions. You can provide contact information by filling out the attached form or by visiting www.mio-settlement.com.

### 11. What am I giving up if I stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against ISK or any of the Sakai Defendants relating in any way to the conduct which is the subject of the legal claims in this case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement and you want to keep the right to sue or continue to sue the ISK/Sakai Defendants, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the settlement Class.

### 12. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *eMag Solutions LLC, et al. v. Toda Kogyo Corp.* Be sure to include your name, your title, your company's name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, 2006 to:

> MIO Antitrust Litigation Settlement Administrator
> c/o Rosenthal & Company, LLC
> P.O. Box 6177
> Novato, CA 94948-6177

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the ISK/Sakai Defendants in the future.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

490271.5

## 13.   If I don't exclude myself, can I sue any of the ISK/Sakai defendants for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue any of the ISK or Sakai Defendants for the claims that this settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You may need to exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2006.

## 14.   If I exclude myself, can I get money from this settlement?

No.  If you exclude yourself, you cannot benefit from this class settlement.  But you may sue, continue to sue, or be part of a different lawsuit against any of the ISK or Sakai Defendants.  In deciding whether to exclude yourself, you should note that on July 20, 2005, the Court entered a Decision and Order finding that a federal statute prevents claimants who purchased MIO outside of the United States from recovering against the non-settling Defendants in this action.  The ISK/Sakai Defendants have asked the Court to dismiss those same claims by domestic purchasers of MIO for the same reason, but the Court has not yet ruled on that request.

## THE LAWYERS REPRESENTING YOU

## 15.   Do I have a lawyer in this case?

The Court has approved the request of the law firms of Lieff, Cabraser, Heimann & Bernstein, LLP, Richardson Patrick Westbrook & Brickman, LLC, and Joshua P. Davis to represent you and other Class Members.  These lawyers are called Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 16.   How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to 30% of the $3,550,000 Settlement Amount to them for attorneys' fees plus reimbursement of expenses.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  The ISK/Sakai Defendants have agreed not to oppose the requests for fees and expenses.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 17.    How do I tell the Court I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement with the ISK/Sakai Defendants in *eMag Solutions LLC, et al. v. Toda Kogyo Corp.*  Be sure to include your name, your title, your company's name, address, telephone number, a description of your purchases of MIO that shows you are included in the Class, your signature, and the reasons you object to the settlement.  Mail the objection to these four different places postmarked no later than _____, 2006:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>Northern District of California<br>450 Golden Gate Ave.<br>San Francisco, CA  94102 | Eric B. Fastiff<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111-3339 | Sutton Keany<br>Berger & Webb, LLP<br>1633 Broadway<br>New York, NY 10019 |
| | | Richard E. Donovan<br>Michael C. Lynch<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178 |

### 18.    What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to do so.

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

490271.5

## 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2006, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom Three. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Hamilton will listen to companies and people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions Judge Hamilton may have. But you are welcome to come at your own expense. If you send an objection in writing, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, and are included in the Class, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary that he or she do so.

## 21. May I speak at the hearing?

Yes, you may speak at the Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the class.

# IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the ISK or Sakai Defendants relating in any way to the conduct which is the subject of the legal claims in this case, ever again. If you do nothing, you will be included as part of the settlement. You will be required in the future to provide additional information in order to obtain money from the settlement. If you do not provide that information, you'll get no money from this settlement.

# GETTING MORE INFORMATION

## 23. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are set forth in a Settlement

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

490271.5

Agreement. You can get a copy of the Settlement Agreement by writing to MIO Antitrust Litigation Settlement Administrator, c/o Rosenthal & Company, LLC, P.O. Box 6177, Novato, CA 94948-6177, or by visiting www.mio-settlement.com.

## 24.  How do I get more information?

You can call 1-800-_____toll free; write to MIO Antitrust Litigation Settlement Administrator, c/o Rosenthal & Company, LLC, P.O. Box 6177, Novato, CA 94948-6177; or visit the website at www.mio-settlement.com, where you will find answers to common questions about the settlement, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE: _____

QUESTIONS? CALL _____ TOLL FREE, OR VISIT MIO-SETTLEMENT.COM.

- 10 -

490271.5

# EXHIBIT 3

1 | Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
2 | Daniel E. Barenbaum (State Bar No. 209261)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3 | 275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
4 | Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
5
6 | Attorneys for Individual and Representative Plaintiffs
eMag Solutions LLC, eMag Solutions Limited, Greencorp
Magnetics Pty Ltd., and Delta Magnetics, S.A. de C.V. and
7 | Individual Plaintiff Cintas VAC, S.A. de C.V.

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | eMAG SOLUTIONS LLC, eMAG SOLUTIONS      No. C-02-1611 (PJH)
LIMITED, GREENCORP MAGNETICS PTY LTD., and
12 | DELTA MAGNETICS, S.A. de C.V., on behalf of    **[PROPOSED] FINAL**
themselves and all others similarly situated,   **JUDGMENT AND ORDER OF**
13 |                                                **DISMISSAL**
                    Plaintiffs,
14
v.
15 |                                                Judge:  The Honorable Phyllis J.
TODA KOGYO CORPORATION; TODA AMERICA,         Hamilton
16 | INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.;
SAKAI TRADING CO., LTD.; SAKAI TRADING NEW
17 | YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA;
ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS
18 | INCORPORATED; ISK MAGNETICS, INC.; and
ISHIHARA CORPORATION (USA),
19
20 |                    Defendants.

21 | CINTAS VAC, S.A. de C.V.

22 |                    Plaintiff,

23 |        v.

24 | TODA KOGYO CORPORATION; TODA AMERICA,
INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.;
25 | SAKAI TRADING CO., LTD.; SAKAI TRADING NEW
YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA;;
26 | ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS
INCORPORATED; ISK MAGNETICS, INC.; and
27 | ISHIHARA CORPORATION (USA),

28 |                    Defendants.

1        This matter comes before the Court to determine whether there is any reason why

2   this Court should not approve the settlement set forth in the Settlement Agreement and Release

3   made as of October 12, 2005 ("Agreement"), relating to the above-captioned between eMag

4   Solutions LLC, eMag Solutions Limited, Greencorp Magnetics Pty Ltd. and Delta Magnetics,

5   S.A. de C.V. on behalf of themselves and the class they represent, and individual plaintiff Cintas

6   VAC, S.A. de C.V. ("Cintas VAC") (collectively the "Plaintiffs"), on the one hand, and

7   Defendants Ishihara Sangyo Kaisha, Ltd., ISK Magnetics, Inc., ISK Americas, Incorporated, and

8   Ishihara Corporation (USA), on the other hand.

9        The Court, after consideration of the memoranda, supporting documents, and

10   arguments of counsel, and otherwise being fully informed, has determined: 1) that the Agreement

11   should be approved; and 2) that there is no just reason for delay of the entry of the Final

12   Judgment. Accordingly, the Court directs entry of Judgment which shall constitute a final

13   adjudication of the class actions as to the parties to the Settlement Agreement. Good cause

14   appearing therefore,

15        IT IS HEREBY ORDERED THAT:

16        1.    For purposes of this Order, except as set forth herein, the Court adopts and

17   incorporates the definitions in the Agreement.

18        2.    The Court hereby finds that mailing of the Notice of Settlement in the

19   manner provided in the Order Preliminarily Approving Class Action Settlement dated

20   _____, 2006 ("Preliminary Approval Order"), fully and accurately informed direct

21   purchasers of MIO of all material elements of the proposed settlement, constitutes the best notice

22   practicable under the circumstances, constitutes valid due and sufficient notice to all Settlement

23   Class Members, and complies fully with the requirements of federal law and the United States

24   Constitution.

25        3.    The Court hereby fully approves the settlement as set forth in the

26   Agreement as fair, reasonable, and adequate in all respects pursuant to Federal Rule of Civil

27   Procedure 23 and all other applicable laws, and orders the parties to consummate the Agreement

28   in accordance with its terms.

1    4.    The Court hereby decrees that the Settlement Class consists of:

2         All persons, firms, corporations, partnerships, or other
         business entities who purchased MIO in American
3         Commerce, directly from the Defendants or their co-
         conspirators, or any subsidiary or affiliate thereof, during
4         the period from January 1, 1991 to October 12, 2005, and all
         United States persons, firms, corporations, partnerships, or
5         other business entities who purchased MIO in American
         Commerce or in Purely Foreign Commerce, directly from
6         the defendants or their co-conspirators, or any subsidiary or
         affiliate thereof, during the period from January 1, 1991 to
7         October 12, 2005.  The Class does not include the
         Defendants, their parents, subsidiaries and affiliates, other
8         manufacturers of MIO and governmental entities.

9    5.    [Number] of Settlement Class Members submitted valid and timely

10   requests for exclusion pursuant to the Preliminary Approval Order and are hereby excluded from

11   the Settlement Class; **OR** No Settlement Class Member requested exclusion from the Settlement

12   Class.]

13   6.    [No Settlement Class Member objected to the settlement; **OR** [Number] of

14   Settlement Class Members objected to the Settlement, and each of their objections is overruled

15   and denied.]

16   7.    The Court hereby decrees that neither this Final Judgment nor the

17   Agreement shall constitute an admission by Ishihara Sangyo Kaisha, Ltd., ISK Magnetics, Inc.,

18   ISK Americas, Incorporated, and Ishihara Corporation (USA) of any liability or wrongdoing

19   whatsoever.

20   8.    The Court hereby dismisses, on the merits and with prejudice, all causes of

21   action against Ishihara Sangyo Kaisha, Ltd., ISK Magnetics, Inc., ISK Americas, Incorporated,

22   and Ishihara Corporation (USA) ("Released Parties") filed in the Actions, as listed in the

23   Agreement.

24   9.    The Court hereby dismisses, on the merits and with prejudice, all causes of

25   action against Cintas VAC, filed in the Counterclaim, as listed in the Agreement.

26   10.   The Court hereby decrees that all members of the Settlement Class are

27   conclusively deemed to have released and forever discharged Released Parties from all Released

28

1   Claims, and forever enjoins and bars all Settlement Class Members from asserting, instituting, or

2   prosecuting any Released Claim in any United States court, tribunal, or governmental agency.

3              11.    The Court hereby decrees that the Released Parties are conclusively

4   deemed to have released and forever discharged the Counterclaim against Cintas VAC.

5              12.    Without affecting the finality of this Final Judgment, the Court hereby

6   reserves exclusive and continuing jurisdiction over this action, the Plaintiffs, Settlement Class

7   Members, Plaintiffs' counsel, Ishihara Sangyo Kaisha, Ltd., ISK Magnetics, Inc., ISK Americas,

8   Incorporated, and Ishihara Corporation (USA), and their counsel for the purpose of, among other

9   things, supervising the implementation, enforcement, construction, and interpretation of the

10  Agreement, the Preliminary Order, and this Final Judgment.

11             FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

12

13  Dated: _____          _____

14                                          The Honorable Phyllis J. Hamilton
                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28