UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

eMAG SOLUTIONS, LLC, et al.,

    Plaintiffs,

v.

TODA KOGYO CORPORATION, et al.,

    Defendants.
_____/

No. C 02-1611 PJH

**ORDER**

The court is in receipt of the parties' proposed protective order, filed October 4, 2006. Before the court will sign the proposed protective order, the court requires a written statement justifying the inclusion of two provisions in the proposed order.

First, the provision in ¶ 4, which states that "[e]ven after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or <u>a court order otherwise directs</u>," appears to allow the parties to file motions regarding continuing confidentiality obligations in perpetuity after the termination of the litigation. The court's usual practice following the termination of litigation is to retain jurisdiction only in limited circumstances and only as specifically agreed by the court in connection with the approval of a stipulation of settlement.

Second, the provision in ¶ 10, which states that "[w]ithout written permission from the Designating Party or <u>a court order secured after appropriate notice to all interested</u>

persons, a Party may not file in the public record in this action any Protected Material," suggests that in addition to filing motions for leave to file material under seal, the parties also anticipate filing motions for leave to file the confidential material in the first instance. The court is not amenable to conducting double reviews of confidential material that parties may wish to file in this case – once with regard to whether the material may be filed at all, and a second time with regard to whether the request to file the material under seal is sufficiently "narrowly tailored to seek only the sealing of sealable material," as required by Civil Local Rule 79-5.

     The parties shall either submit a revised proposed protective order that omits these two provisions, or submit a joint written statement setting forth their justification for including the provisions in the protective order. Alternatively, to the extent that the court has misinterpreted these provisions, the parties shall provide some clarification.

**IT IS SO ORDERED.**

Dated: October 5, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge