1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eMAG SOLUTIONS LLC, eMAG SOLUTIONS LIMITED, GREENCORP MAGNETICS PTY LTD., and DELTA MAGNETICS, S.A. de C.V., on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>TODA KOGYO CORPORATION, et al.,<br><br>                      Defendants. | No. C-02-1611 PJH<br><br>**STIPULATED PROTECTIVE ORDER** |
| CINTAS VAC, S.A. de C.V.<br><br>                      Plaintiff,<br><br>v.<br><br>TODA KOGYO CORPORATION, et al.,<br><br>                      Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24        1.        PURPOSES AND LIMITATIONS

25              Disclosure and discovery activity in this action are likely to involve production of

26    confidential, proprietary, or private information for which special protection from public

27    disclosure and from use for any purpose other than prosecuting and defending this litigation

28    would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter

566691.2

- 1 -

1   the following Stipulated Protective Order.  The parties acknowledge that this Order does not

2   confer blanket protections on all disclosures or responses to discovery and that the protection it

3   affords extends only to the limited information or items that are entitled under the applicable legal

4   principles to treatment as confidential.  The parties further acknowledge, as set forth in Section

5   10, below, that this Stipulated Protective Order creates no entitlement to file confidential

6   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

7   reflects the standards that will be applied when a party seeks permission from the court to file

8   material under seal.

9        2.      DEFINITIONS

10           2.1      Party:  any party to this action, including all of its officers, directors,

11   employees, consultants, retained experts, and outside counsel (and their support staff).

12           2.2      Disclosure or Discovery Material:  all items or information, regardless of

13   the medium or manner generated, stored, or maintained (including, among other things,

14   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

15   responses to discovery in this matter.

16           2.3      "Confidential" Information or Items:  information (regardless of how

17   generated, stored or maintained) or tangible things that qualify for protection under standards

18   developed under F.R.Civ.P. 26(c).

19           2.4      "Highly Confidential – Attorneys' Eyes Only" Information or Items:

20   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

21   nonparty would create a substantial risk of serious injury that could not be avoided by less

22   restrictive means.  Highly Confidential – Attorneys' Eyes Only Information may be disclosed

23   only to the Parties' outside counsel, and as permitted under Section 7.3 of this Order.

24           2.5      Receiving Party:  a Party that receives Disclosure or Discovery Material

25   from a Producing Party.

26           2.6      Producing Party:  a Party or non-party that produces Disclosure or

27   Discovery Material in this action.

28           2.7      Designating Party:  a Party or non-party that designates information or

- 2 -

STIPULATED PROTECTIVE ORDER
CASE NO. C-02-1611 PJH

1   items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

2   Confidential — Attorneys' Eyes Only."

3            2.8      Protected Material:  any Disclosure or Discovery Material that is

4   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5            2.9      Outside Counsel:  attorneys (as well as their support staffs) who are not

6   employees of a Party but who are retained to represent or advise a Party in this action.

7            2.10     House Counsel:  attorneys (as well as their support staffs) who are

8   employees of a Party.

9            2.11     Counsel (without qualifier):  Outside Counsel and House Counsel.

10           2.12     Expert:  a person with specialized knowledge or experience in a matter

11  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

12  witness or as a consultant in this action.  This definition includes a professional jury or trial

13  consultant retained in connection with this litigation.

14           2.13     Professional Vendors:  persons or entities that provide litigation support

15  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

16  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

17  subcontractors.

18       3.    SCOPE

19       The protections conferred by this Stipulation and Order cover not only Protected Material

20  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

21  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

22  parties or counsel to or in court or in other settings that might reveal Protected Material.

23       4.    DURATION

24       Even after the termination of this litigation, the confidentiality obligations imposed by this

25  Order shall remain in effect until a Designating Party agrees otherwise in writing.

26       5.    DESIGNATING PROTECTED MATERIAL

27           5.1      Exercise of Restraint and Care in Designating Material for Protection.  To

28  the extent practicable, each Party or non-party that designates information or items for protection

1    under this Order must take care to limit any such designation to specific material that qualifies

2    under the appropriate standards.  A Designating Party must take care to designate for protection

3    only those parts of material, documents, items, or oral or written communications that qualify –

4    so that other portions of the material, documents, items, or communications for which protection

5    is not warranted are not swept unjustifiably within the ambit of this Order.  If only part of a

6    document contains confidential information, the first page of the document shall state: "A

7    PORTION OF THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION" or "A

8    PORTION OF THIS DOCUMENT CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

9         If it comes to a Party's or a non-party's attention that information or items that it

10   designated for protection do not qualify for protection at all, or do not qualify for the level of

11   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

12   withdrawing the mistaken designation.

13        5.2    Manner and Timing of Designations.  Except as otherwise provided in this

14   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

15   material that qualifies for protection under this Order must be clearly so designated before the

16   material is disclosed or produced.

17        Designation in conformity with this Order requires:

18        (a)    for information in documentary form (apart from transcripts of

19   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

20   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

21   page that contains protected material.  To the extent practicable, if only a portion or portions of

22   the material on a page qualifies for protection, the Producing Party also must clearly identify the

23   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

24   each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

26        A Party or non-party that makes original documents or materials available

27   for inspection need not designate them for protection until after the inspecting Party has indicated

28   which material it would like copied and produced.  During the inspection and before the

- 4 -

566691.2

1  designation, all of the material made available for inspection shall be deemed "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

3  documents it wants copied and produced, the Producing Party must determine which documents,

4  or portions thereof, qualify for protection under this Order, then, before producing the specified

5  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

6  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains

7  Protected Material.  To the extent practicable, if only a portion or portions of the material on a

8  page qualifies for protection, the Producing Party also must clearly identify the protected

9  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

10  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

12                      (b)      for testimony given in deposition or in other pretrial or trial

13  proceedings, that the Party or non-party offering or sponsoring the testimony either (1) identify on

14  the record, before the close of the deposition, hearing, or other proceeding, all protected

15  testimony, and further specify any portions of the testimony that qualify as "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY; or (2) upon review of such transcript by

17  counsel for the disclosing party, if counsel notifies opposing counsel of the designation within

18  twenty (20) days after counsel's receipt of the transcript by listing the numbers of the pages of the

19  transcript containing protected testimony, attaching the list to the transcript, and mailing copies to

20  counsel for all parties.  Pending such designation by counsel, the entire deposition transcript,

21  including exhibits, shall be deemed Highly Confidential – Attorneys' Eyes Only.  If no

22  designation is made on the record or within twenty (20) days after receipt of the transcript, the

23  transcript shall be considered not to contain any Protected Material.  Should a receiving party

24  need to disclose portions of the deposition testimony publicly (e.g., in a public filing) before the

25  aforementioned twenty-day period has elapsed, it may request that the producing party conduct an

26  expedited confidentiality review.  Within five (5) calendar days of such a request, the producing

27  party shall identify for opposing counsel which deposition transcript pages, if any, contain

28  confidential information.

566691.2

STIPULATED PROTECTIVE ORDER
CASE NO. C-02-1611 PJH

1    Transcript pages containing Protected Material must be separately bound

2    by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

3    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

4    nonparty offering or sponsoring the witness or presenting the testimony.

5    (c)    for information produced in some form other than documentary,

6    and for any other tangible items, that the Producing Party affix in a prominent place on the

7    exterior of the container or containers in which the information or item is stored the legend

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

9    portions of the information or item warrant protection, the Producing Party, to the extent

10    practicable, shall identify the protected portions, specifying whether they qualify as

11    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

12    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

13    failure to designate qualified information or items as "Confidential" or "Highly Confidential –

14    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

15    protection under this Order for such material.  If material is appropriately designated as

16    "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

17    produced, the Receiving Party, on timely notification of the designation, must make reasonable

18    efforts to assure that the material is treated in accordance with the provisions of this Order.

19    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

20    6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

21    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

22    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

23    waive its right to challenge a confidentiality designation by electing not to mount a challenge

24    promptly after the original designation is disclosed.

25    6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

26    Designating Party's confidentiality designation must do so in good faith and must begin the

27    process by conferring directly with counsel for the Designating Party.  In conferring, the

28    challenging Party must explain the basis for its belief that the confidentiality designation was not

1   proper and must give the Designating Party an opportunity to review the designated material, to

2   reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

3   the chosen designation.  A challenging Party may proceed to the next stage of the challenge

4   process only if it has engaged in this meet and confer process first.

5          6.3   Judicial Intervention.  A Party that elects to press a challenge to a

6   confidentiality designation after considering the justification offered by the Designating Party

7   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

8   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

9   challenge.  Each such motion must be accompanied by a competent declaration that affirms that

10  the movant has complied with the meet and confer requirements imposed in the preceding

11  paragraph and that sets forth with specificity the justification for the confidentiality designation

12  that was given by the Designating Party in the meet and confer dialogue.

13         The burden of persuasion in any such challenge proceeding shall be on the

14  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

15  material in question the level of protection to which it is entitled under the Producing Party's

16  designation.

17         7.   ACCESS TO AND USE OF PROTECTED MATERIAL

18         7.1   Basic Principles.  A Receiving Party may use Protected Material that is

19  disclosed or produced by another Party or by a non-party in connection with this case only for

20  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

21  disclosed only to the categories of persons and under the conditions described in this Order.

22  When the litigation has been terminated, a Receiving Party must comply with the provisions of

23  section 11, below (FINAL DISPOSITION).

24         7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

25  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

26  disclose any information or item designated CONFIDENTIAL only to:

27         (a)   Outside Counsel of record in this action, as well as employees of

28  said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

1     (b)     the officers, directors, and employees (including House Counsel) of

2   the Receiving Party to whom disclosure is reasonably necessary for this litigation;

3     (c)     experts or consultants (as defined in this Order) of the Receiving

4   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

5   "Agreement to Be Bound by Protective Order" (Exhibit A);

6     (d)     the Court and its personnel;

7     (e)     court reporters, their staffs, and professional vendors to whom

8   disclosure is reasonably necessary for this litigation;

9     (f)     during their depositions, witnesses in the action to whom disclosure

10   is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

11   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

12   Protected Material must be separately bound by the court reporter and may not be disclosed to

13   anyone except as permitted under this Stipulated Protective Order.

14     (g)     the author of the document or the original source of the

15   information.

16     7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

18   the Designating Party, a Receiving Party may disclose any information or item designated

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

20     (a)     Outside Counsel of record in this action, as well as employees of

21   said Outside Counsel to whom it is reasonably necessary to disclose the information for this

22   litigation;

23     (b)     Experts and consultants (as defined in this Order) (1) to whom

24   disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to

25   Be Bound by Protective Order" (Exhibit A);

26     (c)     the Court and its personnel;

27     (d)     court reporters, their staffs, and professional vendors to whom

28   disclosure is reasonably necessary for this litigation; and

566691.2

STIPULATED PROTECTIVE ORDER
CASE NO. C-02-1611 PJH

1        (e)        the author of the document or the original source of the

2  information.

3        7.4        Nothing herein (i) shall prevent a Party from disclosing Protected Material

4  to present or former officers, directors or employees of the person or entity producing such

5  information in discovery, or (ii) shall impose any restrictions on the use or disclosure by a Party

6  or its counsel of documents, materials or information obtained by such Party or its counsel from a

7  source independent of the discovery proceedings in this lawsuit.  Notwithstanding the provisions

8  of this Protective Order, this Order does not restrict the right of the Party who has disclosed

9  Protected Material to make such use or disclosure of its own Protected Material as it otherwise is

10  lawfully entitled to make outside the scope of this litigation.

11        8.        PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

12  OTHER LITIGATION.

13        If a Receiving Party is served with a subpoena or an order issued in other litigation that

14  would compel disclosure of any information or items designated in this action as

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

16  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

17  and in no event more than three court days after receiving the subpoena or order.  Such

18  notification must include a copy of the subpoena or court order.

19        The Receiving Party also must immediately inform in writing the Party who caused the

20  subpoena or order to issue in the other litigation that some or all the material covered by the

21  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

22  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

23  caused the subpoena or order to issue.  Further, the Receiving Party shall not produce the

24  discovery material so requested until 14 days after giving such notice, unless required to do so by

25  the subpoena, demand, or other legal process, in which case, the receiving party shall not produce

26  the discovery material until within 1 day of the latest time legally permissible.

27        The purpose of imposing these duties is to alert the interested parties to the existence of

28  this Protective Order and to afford the Designating Party in this case an opportunity to try to

- 9 -

STIPULATED PROTECTIVE ORDER
CASE NO. C-02-1611 PJH

1    protect its confidentiality interests in the court from which the subpoena or order issued.  The

2    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

3    confidential material – and nothing in these provisions should be construed as authorizing or

4    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

5         9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7    Material to any person or in any circumstance not authorized under this Stipulated Protective

8    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

9    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

10   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

11   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

12   Be Bound" that is attached hereto as Exhibit A.

13        10.    FILING PROTECTED MATERIAL.  Without written permission from the

14   Designating Party, a Party may not file in the public record in this action any Protected Material.

15   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule

16   79-5.

17        11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

18   Producing Party, within sixty days after the final termination of this action, each Receiving Party

19   must return all Protected Material to the Producing Party.  As used in this subdivision, "all

20   Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

21   reproducing or capturing any of the Protected Material except for material subject to the attorney

22   client or attorney work product privileges.  In the alternative, the Receiving Party may destroy

23   some or all of the Protected Material instead of returning it.  Whether the Protected Material is

24   returned or destroyed, the Receiving Party must submit a written certification to the Producing

25   Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline

26   that identifies (by category, where appropriate) all the Protected Material that was returned or

27   destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

28   compilations, summaries or other forms of reproducing or capturing any of the Protected

1  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

2  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

3  product, even if such materials contain Protected Material.  Any such archival copies that contain

4  or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

5  (DURATION), above.

6         12.    MISCELLANEOUS

7            12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

8  person to seek its modification by the Court in the future.

9            12.2    Right to Assert Other Objections.  By stipulating to the entry of this

10  Protective Order no Party waives any right it otherwise would have to object to disclosing or

11  producing any information or item on any ground not addressed in this Stipulated Protective

12  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

13  the material covered by this Protective Order.

14         13.    NO WAIVER OF PERSONAL JURISDICTION DEFENSE

15            13.1    Party's Execution of Stipulated Protective Order.  No Party shall be

16  deemed to waive any defense to this action based upon the Court's lack of personal jurisdiction

17  by stipulating to the entry of this Protective Order.

18            13.2    Individual's Execution of the "Acknowledgement and Agreement to be

19  Bound."  No party shall be deemed to waive any defense to this action based upon the Court's

20  lack of personal jurisdiction by virtue of the fact that any person has executed the

21  "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A.

22

23

24

25

26

27

28

566691.2

STIPULATED PROTECTIVE ORDER
CASE NO. C-02-1611 PJH

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3
     Dated:___October  9, 2006_____      ___*Peter E. Leckman*_____
4                                             Joseph R. Saveri
                                              Peter E. Leckman
5                                             LIEFF, CABRASER, HEIMANN &
                                              BERNSTEIN, LLP
6                                             Embarcadero Center West
                                              275 Battery Street, 30th Floor
7                                             San Francisco, CA 94111
                                              Phone: (415) 956-1000
8                                             Fax:  (415) 956-1008
9                                             On behalf of PLAINTIFFS

10

11

12

13
     Dated:___October 9, 2006_____      ____*Jennifer Ratner by PEL w/permission*_____
14                                            Thomas Hanrahan
                                              Jennifer Ratner
15                                            SIDLEY AUSTIN BROWN & WOOD
16                                            555 W. 5th Street, 40th Floor
                                              Los Angeles, CA  90013
17                                            Phone: (213) 896-6000
                                              Fax: (213) 896-6600
18                                            Attorneys for Defendants TODA KOGYO
19                                            CORPORATION and TODA AMERICA, INC.

20

21

22

23   Dated:___October  9, 2006_____      _____*William M. Goodman by PEL w/permission*_____
                                              William M. Goodman
24                                            Raphael M. Goldman
                                              TOPEL & GOODMAN
25                                            832 Sansome Street, 4th Floor
                                              San Francisco, CA  94111
26                                            Phone: (415) 421-6140
                                              Fax: (415) 398-5030
27                                            Attorneys Appearing Specially for TITAN KOGYO
28                                            KABUSHIKI KAISHA

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   Dated:_____10/11/06_____

4                                              The Hon

5                                              Unite

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

566691.2                        - 13 -

STIPULATED PROTECTIVE ORDER
CASE NO. C-02-1611 PJH

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *eMag Solutions LLC, et al. v. Toda Kogyo Corp., et al.*; Case No. C-02-1611 (PJH).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                      [signature]

566691.2

STIPULATED PROTECTIVE ORDER
CASE NO. C-02-1611 PJH