UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

eMAG SOLUTIONS, LLC, et al.,

    Plaintiffs,

v.

TODA KOGYO CORPORATION, et al.,

    Defendants.
_____/

No. C 02-1611 PJH

**ORDER GRANTING REQUEST FOR JURISDICTIONAL DISCOVERY**

    In a joint status statement filed by the parties on October 12, 2006, defendant Titan Kogyo Kabushiki Kaisha ("Titan") indicated its intention to file a motion to dismiss for lack of personal jurisdiction, and plaintiffs indicated their intention to serve Titan with jurisdictional discovery once Titan had filed its motion.  The parties proposed a schedule, pursuant to which Titan would file its motion on October 27, 2006; plaintiffs would serve jurisdictional discovery by November 3, 2006; and Titan would serve responses to the discovery by November 17, 2006.

    The parties agreed further that in the event of a dispute regarding the scope of discovery, or some other discovery-related issue, plaintiffs would have two weeks to file a letter brief, seeking an order compelling Titan to respond to the discovery, and Titan would have two weeks after that to file a letter brief in opposition.  The court approved the parties' proposed schedule.

    Titan has apparently refused to respond to the proposed discovery, on the ground that the magistrate judge in the transferee court (the Southern District of Illinois, where the

case was originally filed) denied plaintiffs' request for jurisdictional discovery, and also based on Titan's assessment that defendants have not alleged facts that establish a prima facie case of personal jurisdiction.

On December 4, 2006, plaintiffs filed a letter brief seeking either a ruling that Titan is subject to personal jurisdiction in this district (based on the Illinois district court's order pursuant to 28 U.S.C. § 1404(a), transferring the case to this district, as a district in which the case "might have been brought"); or an order compelling Titan to respond to jurisdictional discovery.

On December 15, 2006, Titan filed a responsive letter brief, arguing that the Illinois magistrate judge "made law of the case" by denying plaintiffs' request for jurisdictional discovery before the case was transferred to this district; and also asserting that plaintiffs are not entitled to jurisdictional discovery because their allegations do not establish a prima facie case that the alleged injuries arose from contacts between Titan and the United States.[1]

As an initial matter, the court finds that the Illinois district court's order transferring the case to this district does not constitute a finding that this court has personal jurisdiction over Titan, because the order did not address the individual defendants' contacts with the United States. The court simply found that "both venue and jurisdiction would be proper in the Northern District of California," as "[s]everal of the defendants have offices or headquarters in California, and the remaining defendants conduct a substantial portion of their business in California." Moreover, the court found that because all the defendants were alien corporations, "any District in the United States has jurisdiction over the defendants pursuant to 28 U.S.C. § 1391(d)." However, § 1391 is a venue statute, not a statute authorizing personal jurisdiction. Personal jurisdiction in this case is governed by § 12 of the Clayton Act. Accordingly, Titan may proceed with its motion to dismiss for lack

---

[1] The worldwide service-of-process provision of § 12 of the Clayton Act authorizes the exercise of personal jurisdiction over a foreign corporation in any judicial district in the United States, so long as the corporation has sufficient minimum contacts with the United States at large. Go Video, Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406, 1413-15 (9th Cir. 1989).

of personal jurisdiction.

The Ninth Circuit has ruled that when a defendant moves to dismiss a complaint for lack of personal jurisdiction and the court holds no evidentiary hearing, the plaintiff need make only a prima facie showing of personal jurisdiction to survive the motion. See, e.g., Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). On a motion to dismiss, a court has discretion to allow a plaintiff to conduct jurisdictional discovery. Id. at 1135. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Laub v. U.S. Dept. of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation omitted).

Here, however, Titan argues that it should not be compelled to respond to plaintiffs' jurisdictional discovery because plaintiffs have failed to allege facts that establish a prima facie case of personal jurisdiction. Although the Ninth Circuit has not ruled directly on this question,[2] other circuits have held that a plaintiff is not entitled to discovery without making a "colorable or prima facie showing of personal jurisdiction." Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 946 (7th Cir. 2000), cited in Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2006) § 9:128; see also Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1283 (Fed. Cir. 2005) (where district court concludes that existing record is insufficient to support personal jurisdiction and plaintiff demonstrates that it can supplement jurisdictional allegations through discovery, plaintiff is entitled to jurisdictional discovery); United States v. Swiss American Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001) (plaintiff who sues out-of-state corporation and who makes out colorable case for the existence of personal jurisdiction "may well be entitled to a modicum of jurisdictional discovery if the corporation

---

[2] In the case cited by Titan, Greenspun v. Del E. Webb Corp., 634 F.2d 1204 (9th Cir. 1980), the issue was whether the plaintiff was prejudiced when the defendants were permitted to refuse to respond to certain interrogatories. The Ninth Circuit noted that the defendants had provided "full information on the jurisdictional issues," and concluded that denying discovery that allegedly could have supported a prima facie case of conspiracy was not an abuse of discretion. Id. at 1208 n.5.

3

imposes a jurisdictional defense").

However, at least one district court within the Ninth Circuit has ruled that a plaintiff is not obligated to make out a "prima facie" case of personal jurisdiction before it can obtain limited jurisdictional discovery, because "[i]t would . . . be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss." Orchid Biosciences, Inc. v. ST. Louis Univ., 198 F.R.D. 670, 672-73 (S.D. Cal. 2001). Here, plaintiffs have provided some evidence of Titan's contacts with the United States, and while the court takes no position now on the question of personal jurisdiction over Titan, the court also finds the reasoning of the Orchid Biosciences court to be persuasive. In the absence of any definitive Ninth Circuit authority, the court finds that it has the discretion to permit limited jurisdictional discovery without a full prima facie showing of personal jurisdiction by the plaintiffs.

As a final note, the court finds that the Illinois magistrate judge's order denying jurisdictional discovery does not constitute "law of the case" with regard to the question whether Titan should be compelled to respond to plaintiffs' discovery requests. In issuing that order, the magistrate judge appears to have been following Seventh Circuit law, which, as indicated above, requires a plaintiff to make a prima facie showing of personal jurisdiction before seeking jurisdictional discovery.

Jurisdictional discovery in this case shall be limited. That is, plaintiffs may propound discovery requests that are designed to elicit information regarding Titan's contacts with the United States – relating to specific jurisdiction, not general jurisdiction – to enable plaintiffs to oppose Titan's motion to dismiss. This is not an authorization for discovery into the merits of the case, or for discovery into the alleged conspiracy among the defendants.

**IT IS SO ORDERED.**

Dated: December 21, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge