1  Joseph R. Saveri (State Bar No. 130064)
   Daniel M. Hutchinson (State Bar No. 239458)
2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
3  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
4  Facsimile:  (415) 956-1008

5  Attorneys for Individual and Representative Plaintiffs
   Quantegy Recording Solutions, LLC; eMag Solutions
6  LLC; eMag Solutions Limited; Greencorp Magnetics Pty
   Ltd.; and Delta Magnetics, S.A. de C.V.; and Individual
7  Plaintiff Cintas VAC, S.A. de C.V.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 QUANTEGY RECORDING SOLUTIONS, LLC; eMAG          No. C-02-1611 (PJH)
   SOLUTIONS LLC; eMAG SOLUTIONS LIMITED;
12 GREENCORP MAGNETICS PTY LTD.; and DELTA           **CORRECTED [~~PROPOSED~~]**
   MAGNETICS, S.A. de C.V., on behalf of themselves and  **ORDER PRELIMINARILY**
13 all others similarly situated,                    **APPROVING CLASS ACTION**
                                                     **SETTLEMENT WITH TODA**
14             Plaintiffs,                            **KOGYO CORPORATION;**
                                                     **TODA AMERICA, INC.**
15 v.

16 TODA KOGYO CORPORATION; TODA AMERICA,             Judge:  The Honorable Phyllis J.
   INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.;                  Hamilton
17 SAKAI TRADING CO., LTD.; SAKAI TRADING NEW
   YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA;
18 ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS
   INCORPORATED; ISK MAGNETICS, INC.; and
19 ISHIHARA CORPORATION (USA),

20             Defendants.

21 CINTAS VAC, S.A. de C.V.

22             Plaintiff,

23 v.

24 TODA KOGYO CORPORATION; TODA AMERICA,
   INC.; SAKAI CHEMICAL INDUSTRY CO., LTD.;
25 SAKAI TRADING CO., LTD.; SAKAI TRADING NEW
   YORK, INC.; TITAN KOGYO KABUSHIKI KAISHA;;
26 ISHIHARA SANGYO KAISHA, LTD.; ISK AMERICAS
   INCORPORATED; ISK MAGNETICS, INC.; and
27 ISHIHARA CORPORATION (USA),

28             Defendants.

768290.2

1       This matter is before the Court on the Plaintiffs' motion, pursuant to Federal Rule

2   of Civil Procedure 23, for an order preliminarily approving the partial settlement of this matter in

3   accordance with a Settlement Agreement dated July 8, 2008 (the "Settlement Agreement"), a

4   copy of which is attached hereto as Exhibit 1 and incorporated herein, which, together with the

5   exhibits annexed to it, sets forth the terms and conditions for a proposed settlement and dismissal

6   with prejudice of this action on a class-wide basis with Toda Kogyo Corporation and Toda

7   America, Inc. (referred to in this Settlement Agreement as "Toda" or "Settling Defendant")

8   ("Toda" or "Settling Defendant").  Having read and considered the Settlement Agreement, as well

9   as the exhibits annexed thereto, and having heard the parties and given due consideration, the

10  Court grants the Plaintiffs' application for this Order Preliminarily Approving Class Action

11  Settlement.

12      THEREFORE:

13      1.    For purposes of this Order, except as set forth herein, the Court adopts and

14  incorporates the definitions in the Settlement Agreement.

15      2.    (a)    For settlement purposes only and pursuant to Federal Rule of Civil

16  Procedure 23, the Court certifies the following Settlement Class:

17  
18      All persons, firms, corporations, partnerships, or other business entities who purchased MIO in American Commerce, directly from the Defendants or their co-conspirators, or any subsidiary or affiliate thereof, during the period from January 1, 1991 to October 12, 2005, and all United States persons, firms, corporations, partnerships, or other business entities who purchased MIO in American Commerce or in Purely Foreign Commerce, directly from the defendants or their co-conspirators, or any subsidiary or affiliate thereof, during the period from January 1, 1991 to October 12, 2005.  The Class does not include the Defendants, their parents, subsidiaries and affiliates, other manufacturers of MIO and governmental entities.

24      (b)    The Court finds that the Settlement Class is an ascertainable class,

25  consisting of scores of members, rendering it too large to make any form of joinder a viable

26  alternative.  See the accompanying Declaration of Kimberly S. Keevers in Support of Motion for

27  Preliminary Approval of Class Actions Settlement with Toda Kogyo Corporation and Toda

28  America, Inc. ("Keevers Decl., ¶ 19.")

1    (c)    The Court also finds that the members of the Settlement Class share

2    a community of interest in that:  (i) this action raises common questions of law and fact that

3    predominate over individual interests; (ii) the named plaintiffs' claims are typical of the claims of

4    absent members of the Settlement Class and are based on the same legal theories; and (iii) the

5    named plaintiffs and their counsel will adequately protect the interests of the Settlement Class.

6    Keevers Decl., ¶¶ 20-22, Exhibits A-C.

7    (d)    Plaintiffs' Counsel, Kimberly S. Keevers, Joseph R. Saveri, and

8    Joshua P. Davis are designated as Class Counsel and are authorized to negotiate and enter into

9    this and other settlements, subject to Court approval, on behalf of any and all Plaintiffs and

10    members of the Settlement Class.

11    3.    The Court finds that the settlement agreed to by the parties (as set forth in

12    the Settlement Agreement) falls within the range of reasonableness.  The Court further finds that

13    there is sufficient basis for notifying the class of the proposed settlement, and for enjoining class

14    members from proceeding in any other action pending the conclusion of the opt-out period and

15    Settlement Hearing as set forth below.

16    4.    The Court hereby preliminarily approves the Settlement Agreement,

17    subject to a hearing on the Final Approval of this Settlement (the "Settlement Hearing").

18    5.    The Settlement Hearing shall be held before this Court on January 14,

19    2009, at 9:00 a.m. in Courtroom 3 of the United District Court, Northern District of California,

20    450 Golden Gate Avenue, San Francisco, California to determine whether the proposed

21    settlement of this action on the terms and conditions provided for in the Settlement Agreement

22    with Settling Defendants is fair, reasonable, and adequate and should be approved by the Court

23    and whether a judgment approving the settlement should be entered.  The Court may continue or

24    adjourn the Settlement Hearing without further notice to members of the Settlement Class.

25    6.    The Court approves, as to form and content, the Notice of Class

26    Certification, Proposed Settlement, and Hearing ("Notice") in the format attached to the

27    Settlement Agreement as Exhibit 2.  The Court further finds that sending the Notice by first-class

28    mail to each Settlement Class member constitutes the best notice practicable under the

circumstances, constitutes valid, due, and sufficient notice to all persons entitled thereto, and complies fully with the requirements of federal law and the United States Constitution.

7.     The Court finds that it has subject matter jurisdiction over this matter pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1; Sections 4(a) and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26; and 28 U.S.C. §§ 1331 and 1337.

8.     The Court finds that it has personal jurisdiction over all named Plaintiffs and, upon dissemination of the Notice pursuant to this Order and upon commencement of the opt-out period, all Settlement Class members.

9.     The Court shall retain subject matter jurisdiction over the Settlement Agreement.

10.     Plaintiffs are hereby authorized to retain, at their option, a claims administrator to supervise and administer the notice procedures as well as the processing of requests for exclusion and other aspects of this proposed settlement, as more fully set forth below:

(a)     Plaintiffs shall notify by U.S. Mail the Settlement Class members of the class certification and proposed settlement, in the form of Notice attached to the Settlement Agreement as Exhibit 2.

(b)     Settlement Class members shall have no more than ninety (90) days after the date on which the Notice is mailed to request exclusion from the Settlement Class.  Opt-out requests postmarked more than ninety (90) days after such mailing shall be invalid.

(c)     At or prior to the Settlement Hearing, Plaintiffs shall serve on Settling Defendant's counsel and file with the Court proof, by declaration, of dissemination of the Notice.

11.     Members of the Settlement Class who have not requested exclusion in the time and manner set forth in the Notice shall be bound by all orders and judgments entered in this litigation, whether favorable or unfavorable to the Settlement Class.

12.     Settlement Class members may enter an appearance in this litigation through counsel of their own choice, at their own expense.  If they do not enter such an appearance they will be represented by Class Counsel.

- 4 -

CORRECTED [PROP.] ORDER PREL. APPROV. CLASS ACTION SETTLEMENT W/ TODA KOGYO CORP. AND TODA AMERICA, INC.
No. C 02-1611 (PJH)

13.     Any member of the Settlement Class who wishes to appear at the Settlement Hearing, either in person or through counsel hired by the Settlement Class Member, must submit a written objection to Plaintiffs' Counsel, Joseph R. Saveri, Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 30th Floor, San Francisco, CA 94111, within ninety (90) days after the Notice is mailed.  All such Class Members who submit a written objection and have not requested exclusion may appear at the Settlement Hearing.  Plaintiffs' Counsel will submit all written objections to counsel for Defendants Toda Kogyo Corporation, Toda America, Inc., and the Court.

14.     Any member of the Settlement Class who does not submit a written objection within the time and in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement and any expense reimbursement to Plaintiffs' counsel, unless otherwise ordered by the Court.

15.     If the Court finally approves this settlement, all Settlement Class members who have not timely requested exclusion from the Settlement Class shall be barred from asserting any Released Claims against any of the Released Parties, and shall be conclusively deemed to have released any and all such Released Claims as against each of the Released Parties.

16.     All moving papers in support of this settlement, and any applications for reimbursement of expenses and attorneys' fees, shall be filed at least twenty (20) days prior to the Settlement Hearing.

17.     All Settlement Class members who have not properly and timely requested exclusion from the Settlement Class shall be bound by any and all orders and judgments entered by this Court, whether favorable or unfavorable to the Settlement Class, unless this settlement has been disapproved by this Court or any appellate court, and any appeal of such an order has been finally resolved.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  8/8/08

_____
The Honorable Phyllis
United States Distr...

CORRECTED [PROP.] ORDER PREL. APPRVG. CLASS ACTION
SETTLEMENT W/ TODA KOGYO CORP. AND TODA AMERICA, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 6 -

# EXHIBIT 1

## TODA SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT is made as of the 8th day of July, 2008, by Defendants Toda Kogyo Corporation and Toda America, Inc. (referred to in this Settlement Agreement as "Toda" or "Settling Defendant"), and named Plaintiffs Quantegy Recording Solutions, LLC,  and eMag Solutions, LLC, in *Quantegy Recording Solutions, LLC, et al. v Toda Kogyo Corporation, et al.*, USDC, NDCA Action No. C-02-01611 PJH (the "Action") both individually and on behalf of each and every member of the proposed settlement class (collectively, "Plaintiffs"), as defined in Paragraph 1, below (the "Settlement Class").  Settling Defendant and Plaintiffs (collectively "Parties") agree to settle the claims asserted in the Action.

WHEREAS, the initial complaint in this action was filed in the United States District Court for the Southern District of Illinois on December 20, 2000, captioned *eMag Solutions, LLC et al. v. Toda Kogyo Corporation, et al.*, USDC, S.D. Ill., Action No. 01-103-MJR; and

WHEREAS, this action was consolidated with *Greencorp Magnetics Pty Ltd. v. Toda Kogyo Corporation, et al.*, USDC, S.D. Ill., Action No. 00-967-MJR by an order of the U.S. District Court for the Southern District of Illinois on September 21, 2001; and

WHEREAS, on March 28, 2002, these actions (collectively, the "Action") were transferred from the Southern District of Illinois to the Northern District of California (the "Court") pursuant to 28 U.S.C. Section 1406(a); and

WHEREAS, Plaintiffs have alleged, among other things, that Settling Defendant has acted unlawfully by combining, conspiring or otherwise engaging in a common course of conduct to fix, raise, maintain or stabilize prices of magnetic iron oxide ("MIO") (as defined in Paragraph 2, below), and Plaintiffs contend that they have suffered damages by paying more for MIO than they would have paid absent the alleged conspiracy; and

767317.1

WHEREAS, Settling Defendant denies any liability whatsoever and has asserted a number of defenses to Plaintiffs' claims; and

WHEREAS, Plaintiffs and Settling Defendant agree that neither this Settlement Agreement and Release (the "Agreement"), including its exhibits, nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant, any Released Parties (as defined herein), or any of their alleged co-conspirators, or evidence of the truth of any of the claims or allegations in the Action; and

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and counsel for Settling Defendant, and the Agreement, including its exhibits, setting forth all of the terms and conditions of the settlement between Settling Defendant and the members of the Settlement Class, is subject to the final approval of the Court; and

WHEREAS, both the Plaintiffs and their attorneys have had available to them certain testimony, documents and other materials generated during the Department of Justice's criminal case against entities other than Toda entitled *United States v. Ishihara Sangyo Kaisha, Ltd., et al.*, USDC, ED Penn. Criminal No. 01-421; and

WHEREAS, Plaintiffs have conducted an extensive investigation into the facts and issues raised by the Action, and have concluded that it would be in the best interests of the Settlement Class defined in Paragraph 1, below, to enter into this Agreement to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the Settlement Class; and

WHEREAS, Settling Defendant has concluded, despite its belief that it is not liable for the claims asserted and has good defenses thereto, that they will enter into this Agreement solely

to avoid the further expenses, inconvenience and burden of this protracted litigation, and the distraction and diversion of their personnel and resources, and thereby to put to rest this controversy with the Settlement Class, and to avoid the risks inherent in complex litigation; and

WHEREAS, Plaintiffs and their counsel have concluded that a settlement with Settling Defendant in the amount and on the terms hereafter set forth is in the best interests of the members of the Settlement Class and is fair, reasonable and adequate;

NOW THEREFORE, it is agreed by the undersigned on behalf of Settling Defendant and on behalf of the Settlement Class, subject to the approval of the Court, that the Action and all claims asserted therein, be settled, compromised and dismissed on the merits and with prejudice as to Settling Defendant and all other Released Parties, and, except as hereinafter provided, without costs to the Plaintiffs, the Settlement Class or Settling Defendant, on the following terms and conditions:

1.      For settlement purposes only, the Plaintiffs and Settling Defendant agree to define the settlement class as follows, and that Plaintiffs will file the appropriate motion to request that the Court certify such class solely for purposes of effectuating this settlement:

> All persons, firms, corporations, partnerships, or other business entities who purchased MIO in American Commerce, directly from the Defendants or their co-conspirators, or any subsidiary or affiliate thereof, during the period from January 1, 1991 to October 12, 2005, and all United States persons, firms, corporations, partnerships, or other business entities who purchased MIO in American Commerce or in Purely Foreign Commerce, directly from the defendants or their co-conspirators, or any subsidiary or affiliate thereof, during the period from January 1, 1991 to October 12, 2005.  The Class does not include the Defendants, their parents, subsidiaries and affiliates, other manufacturers of MIO and governmental entities.

2.      For purposes of this Agreement, the term "Magnetic Iron Oxide" or "MIO" means magnetic iron oxide used in the manufacture of magnetic products including, but not limited to,

audiotape and videotape; computer tape; floppy disks; mono-component toners and/or dual

component toners; inks; and magnetic stripes used on products, including credit cards, airline

boarding passes, transit and parking lot/garage tickets, and any other plastic or paper cards and

tickets used in magnetic reading devices; "U.S. Imports" refers to sales of MIO manufactured

outside of the United States and delivered in the United States; "Purely Domestic Commerce"

refers to sales of MIO manufactured in the United States and delivered in the United States;

"U.S. Exports" refers to sales of MIO manufactured in the United States and delivered outside of

the United States; "Purely Foreign Commerce" refers to sales of MIO manufactured outside of

the United States and delivered outside of the United States; and "American Commerce"

includes U.S. Imports, Purely Domestic Commerce and U.S. Exports.

      3.     Counsel for the undersigned agree to recommend approval of the Agreement to

the Court and to undertake their best efforts, including all steps and efforts contemplated by the

Agreement and any other steps and efforts that may be necessary or appropriate, by order of the

Court or otherwise, to carry out the terms of the Agreement.

      4.     Within a reasonable period of time, counsel for Plaintiffs shall file with the Court

a notice of motion and motion for hearing on:  (a) preliminary approval of the settlement

contemplated by this Agreement (the "Settlement"); (b) scheduling a hearing for final approval

of the proposed Settlement; (c) certification of the Settlement Class as defined in Paragraph 1,

above; and (d) a stay of all proceedings in the Action against Settling Defendant until the Court

has approved this Agreement and entered a final judgment dismissing Settling Defendant, with

prejudice, from the Action.  The motion shall include:  (a) a copy of this Agreement; (b) a copy

of the proposed form of order, attached hereto as Exhibit 1, conditionally certifying the

Settlement Class and preliminarily approving the Agreement; (c) a copy of the proposed form of

Notice of the Settlement to the Settlement Class attached hereto as Exhibit 2, which will be made

by personal notice, and which shall require that notice of any decision to opt out of or to be

excluded from the Settlement Class, or to object to this Settlement, be given within ninety (90)

days after notice is first provided to the members of the Settlement Class; and (d) a copy of the

proposed form of order and final judgment attached hereto as Exhibit 3.  Plaintiffs shall request

that a decision be made promptly on the papers or that a hearing on their motion for preliminary

approval of the Settlement be held within thirty (30) days of the date of such motion.

   5. In the event that the Court preliminarily approves the Settlement, counsel for

Plaintiffs shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the

Court's Order, promptly provide the Settlement Class members with notice of the hearing

scheduled by the Court to consider the fairness, adequacy, and reasonableness of the proposed

Settlement (the "Settlement Hearing"), in the form attached hereto as Exhibit 2 (the "Notice").

The Notice shall be mailed within thirty (30) days of preliminary approval of the Settlement by

the Court, unless circumstances beyond the control of the Parties to the Agreement prevent the

Plaintiffs' counsel from providing the Notice within thirty (30) days of preliminary approval of

the Settlement, in which case Plaintiffs' counsel shall take all necessary and appropriate steps to

ensure that the Notice is provided as soon as possible.  The Notice shall be mailed, first-class

postage, to the last known address of all members of the Settlement Class.  Settling Defendant

shall provide Plaintiffs' Counsel with the names and addresses of all known members of the

Settlement Class.

   6. Members of the Settlement Class shall have the right to opt out of the Settlement

Class pursuant to the procedure set forth in the Notice and thereby be excluded from this

Settlement.  Counsel for Plaintiffs shall advise Settling Defendant of the names of all members of the Settlement Class who opt out.

7.      If the Court preliminarily approves the Settlement as set forth in the Agreement, then the Parties hereto shall seek entry of an Order and Final Judgment, in the form attached hereto as Exhibit 3:

(a)      Determining that Settling Defendant and the Settlement Class have submitted to the jurisdiction of the Court for purposes of the proposed Settlement, that the Court has personal jurisdiction over the settling Parties and the members of the Settlement Class, and that the Court has subject matter jurisdiction to approve the Agreement;

(b)      Finding that the proposed Settlement Class satisfies the requirements of a class action under Federal Rules of Civil Procedure, Rule 23, and is certified for settlement purposes only;

(c)      Finding that the notice methodology implemented pursuant to Paragraph 5 of this Agreement:  (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of the Action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process, the Federal Rules of Civil Procedure and any other applicable rules of the Court;

(d)      As to the Action, approving finally this Agreement and its terms as being in good faith and a fair, reasonable and adequate settlement as to the members of the Settlement Class, and directing its consummation pursuant to its terms;

(e)      Directing that, as to Settling Defendant, the Plaintiffs and members of the Settlement Class who have not timely excluded themselves from the Action will not seek, and irrevocably waive, any right to appellate or other review of the District Court's order of partial dismissal;

(f)      Directing that, as to Settling Defendant, the Action be dismissed with prejudice and, except as provided for herein, without attorneys' fees, litigation expenses or costs;

(g)     Reserving exclusive jurisdiction over the Settlement and the Agreement, including the administration and consummation of this Settlement;

(h)     Determining that there is no just reason for delay and directing that the judgment of dismissal shall be final and appealable;

(i)     Directing that, for a period of five (5) years, the Clerk of the Court shall maintain the record of those Settlement Class Members who have timely excluded themselves from the Settlement Class and that a certified copy of such records shall be provided to Settling Defendant, at their expense; and

(j)     Incorporating the release set forth below (in Paragraph 16 of the Agreement), and forever discharging the Released Parties (as defined in Paragraph 16, below) from any claims or liabilities relating to the Action or any Released Claims (as defined in Paragraph 16, below).

8.      This Agreement shall become final upon the occurrence of all of the following three events:

(a)     The Settlement as set forth in the Agreement is approved in all respects by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(b)     Entry, as provided for in Paragraph 7, is made of the order and final judgment (in substantially the form of Exhibit 3 hereto) of dismissal with prejudice in favor of Settling Defendant and against all Plaintiffs and members of the Settlement Class who have not timely excluded themselves from the Action; and

(c)     (i) The time has expired for class members to file an objection to the Settlement and none has done so; or (ii) if a class member has objected to the Settlement, the time for appeal or to seek permission to appeal from the Court's approval of the Settlement and entry of a final judgment as described in Paragraph 7 hereof has expired with no appeal having been taken or permission to appeal having been sought; or, (iii) if a class member has objected to the Settlement and filed an appeal, the approval of the Settlement and final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

9.      In the event that the Court refuses to approve the Settlement, or any material part thereof, or the final judgment described in Paragraph 7 is not entered, or the Court's approval of

the Settlement in such final judgment is set aside in whole or in material part on appeal, then this Agreement (except for Paragraphs 17 and 19 hereof) shall become null and void unless the Parties hereto promptly agree in writing to proceed with the Settlement consistent with the opinions issued by the Court concerned.  A modification or reversal on appeal of any amount of Plaintiffs' counsel's fees and costs awarded by the Court solely from the Settlement Amount, as defined in Paragraph 13, below, shall not be deemed a modification of all or a part of the terms of the Settlement or such final judgment.  An appeal solely from the judgment approving an award of attorneys' fees and costs and the payment thereof to Plaintiffs' counsel shall not affect the finality of the approval of the Settlement.

10.     In full and complete settlement of all claims which have been, might have been, are now or could be asserted in this Action against the Released Parties (as defined in Paragraph 16 below), Settling Defendant shall pay a total of $2,000,000 Dollars (Two-Million (U.S.) dollars) (the "Settlement Amount").  Such Settlement Amount shall be paid into the Escrow Account provided for in Paragraph 11, below, within fifteen (15) business days after the execution of this Agreement.  All costs and attorneys' fees shall be paid solely out of the Settlement Amount when the Agreement has become final as provided in Paragraph 8, above.

11.     Subject to Court approval, the Settlement Amount shall be invested in an escrow account (the "Escrow Account"), with Joshua P. Davis, Kimberly S. Keevers, and Joseph R. Saveri serving as Co-Escrow Agents.  Only two signatures will be necessary from the above-named co-escrow agents for the bank to disburse any funds.  Any interest earned on any amounts in the Escrow Account shall become and remain a part of the Escrow Account.  Any disbursements for costs and expenses of litigation, as well as expenses of administering the Settlement, shall be made from time-to-time upon the approval and order of the Court, after the

Agreement has become final as provided in Paragraph 8 herein.  Except as expressly provided

for in this Agreement, Settling Defendant shall have no obligation or responsibility with respect

to the allocation, administration, or distribution of the Settlement Amount or the Escrow

Account.

12.    (a)  Plaintiffs, Settling Defendant and the Co-Escrow Agents named in Paragraph

11 agree to treat the Escrow Account as being at all times a single "qualified settlement fund"

within the meaning of Treas. Reg. Section 1.468B-1.  The Co-Escrow Agents shall comply with

all requirements applicable to qualified settlement funds and shall take any action or cause the

Escrow Account to take any action necessary to create and maintain the status of the Escrow

Account as a qualified settlement fund.  At the request of Settling Defendant, a "relation back

election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Escrow

Account to be treated as a qualified settlement fund from the earliest date possible, and the

Parties hereto shall take all actions as may be necessary or appropriate to this end.  In addition,

the Co-Escrow Agents shall not take any action that would adversely affect the qualification of

the Escrow Account as a qualified settlement fund or would cause the Escrow Account to be

treated as a grantor trust for tax purposes.

(b)  For the purposes of Section 468B of the Internal Revenue Code of 1986, and

Treas. Reg. Section 1.468B-2(k)(3), the "administrator" shall be the Co-Escrow Agents.  The

Co-Escrow Agents shall timely and properly file all informational and other tax returns

necessary or advisable with respect to the Escrow Account (including without limitation the

returns described in Treas. Reg. Section 1.468B-2(k)(1) and Treas. Reg. Section 1.468B-2(1)).

Such returns shall be consistent with this Paragraph 12(b) and in all events shall reflect that all

taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in Paragraph 12(c) herein.

(c)  All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Escrow Account ("Taxes") and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraph 12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 12) ("Tax Expenses"), shall be paid out of the Escrow Account.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Co-Escrow Agents out of the Escrow Account when approved by the Court, and the Co-Escrow Agents shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to claimants any funds necessary to pay such amounts(as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)); and neither the Plaintiffs nor their counsel are responsible nor shall they have any liability therefore, except as specifically set forth herein.  All Parties to the Agreement agree to cooperate with the Co-Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph 12.

(d)  During such period of time, if any, when the Escrow Account is not a qualified settlement fund, the Co-Escrow Agents shall pay to Settling Defendant in a timely fashion sufficient funds to enable them to pay all Taxes and Tax Expenses with respect to income earned by the Escrow Account.

13.    Such attorneys' fees, litigation costs, administration costs, and costs of implementing the Settlement as the Court may award (the "Court Award") shall be paid solely

from the Settlement Amount. Settling Defendant agrees that counsel for Plaintiffs and the Settlement Class shall be entitled to such attorneys' fees as the Court may award, up to one-third of the Settlement Amount. In addition, Settling Defendant agrees that Plaintiffs' counsel shall be entitled to be paid their litigation expenses and costs as the Court awards from the Settlement Amount. The Court Award shall be paid out of the Settlement Amount upon entry of an order awarding attorneys' fees and costs when the Agreement has become final as provided in Paragraph 8, above.

14.     In no event shall Settling Defendant be under any obligation to pay anything in excess of the Settlement Amount of $2,000,000 Dollars (Two-Million (U.S.) dollars) in cash in connection with the Agreement, and Settling Defendant shall have no obligation to pay any of Plaintiffs' attorneys' fees, litigation expenses, or costs whatsoever, except as provided herein. Any member of the Settlement Class may appear before the Court and may file an opposition to or support for the award of attorneys' fees, litigation expenses and costs pursuant to a schedule to be set by the Court in accordance with this Agreement.

15.     The consideration provided to the members of the Settlement Class pursuant to Paragraph 10 of the Agreement (which shall be the sole monetary recovery of the Settlement Class from Settling Defendant) is in full, complete and final settlement of the Action, and shall be the sole obligation of Settling Defendant to support full and complete settlement and satisfaction of all claims against Settling Defendant as defined in Paragraph 16, below, and Settling Defendant shall be released hereunder by the Plaintiffs and all members of the Settlement Class who have not timely excluded themselves from the Action.

16.     (a)   In addition to the effect of any final judgment entered in accordance with the Agreement, upon the Agreement becoming final, Settling Defendant and its present and former

direct and indirect parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents and any of its legal representatives (and the present and former parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents, and legal representatives of each of the foregoing), and the predecessors, heirs, executors, administrators, successors, and assigns of each such entity and individual ("Released Parties") shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity, that all Plaintiffs and all Settlement Class members who have not timely excluded themselves from the Action (including their present and former direct and indirect parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents and any of their legal representatives (and the present and former parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents, and legal representatives of each of the foregoing), and the predecessors, heirs, executors, administrators, successors, and assigns of each such entity and individual) ("Releasing Parties"), whether or not they object to the Settlement, ever had, now have, or hereafter can, shall or may have, whether directly, representatively, derivatively or in any other capacity, relating in any way to any conduct during the Class Period as set forth in the Complaints in the Action and relating in any way to the pricing, marketing, or distribution of MIO (as defined in Paragraph 2 above), including without limitation claims which have been asserted or could have been asserted in any litigation against the Released Parties, and which arise under or relate to any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing or trade practice law, or other similar law or regulation or common law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. Section 1,

*et seq.*, and the Clayton Act, 15 U.S.C. Sections 15 and 26 (the "Released Claims").  Nothing in

this Agreement is intended to release any nonsettling defendant, or any manufacturer of MIO,

other than the Released Parties.  Each Releasing Party hereby covenants and agrees that he, she

or it hereafter shall not assert any claim, demand, action, suit, cause of action, whether class or

individual, against any Released Party based, in whole or in part, upon any of the Released

Claims.  No claims other than the Released Claims shall be released.  Personal injury claims or

product defect claims are not released.

   (b) Each member of the Settlement Class hereby expressly agrees that, upon the

Agreement becoming final pursuant to Paragraph 8 hereof, it waives and releases with respect to

the Released Claims, to the fullest extent permitted by law, any and all provisions, rights and

benefits conferred by (i) § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor;

and (ii) any similar state, federal or other law, rule or regulation or principle of common law.

   (c) Each Releasing Party and Settling Defendant may hereafter discover facts

other than or different from those that it knows or believes to be true with respect to the subject

matter of the Released Claims, respectively, but each hereby expressly agrees that, upon the

Agreement becoming final, it shall have waived and fully, finally and forever settled and

released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or

non-contingent claim with respect to the Released Claims, whether or not concealed or hidden,

without regard to the subsequent discovery or existence of such other or different facts.

   17. In the event the Agreement does not become final pursuant to Paragraph 8 hereof,

the Settlement Amount, including any and all interest earned thereon, shall be returned to

Settling Defendant and, upon such return, any release or covenant not to sue pursuant to Paragraphs 16 shall be of no force or effect with respect to the Released Parties.

18.     In the event that the Settlement becomes final in accordance with the provisions of Paragraph 8, above, Settling Defendant and the members of the Settlement Class propose that the Net Settlement Amount (*i.e.*, the Settlement Amount after deduction of Court-awarded attorneys' fees and litigation expenses and costs) be paid to each member of the Settlement Class who timely files a claim for its qualified purchases of MIO or who timely submits a valid Verification Form enclosed with the Notice set forth in Exhibit 2.  The fund shall be distributed according to a plan of allocation to be proposed by Class Counsel and approved by the Court.

19.     In the event that the Settlement does not become final in accordance with the terms hereof, then this Agreement (except for Paragraphs 17 and 19 hereof) shall be of no force or effect and, in any event, the Parties hereto agree that the Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant or of the truth of any of the claims or allegations contained in the complaints in the Action or any other pleading, and evidence thereof shall not be discoverable or used directly or indirectly in any way, whether in the Action or in any other action or proceeding.  Settling Defendant expressly reserves all of its rights if the Settlement does not become final in accordance with the terms of the Agreement.  In the event the Agreement does not become final, the Agreement and all discussion and communications leading up to or related to the Settlement shall continue to be treated as confidential settlement communications.

20.     The Agreement shall be binding upon, and inure to the benefit of, the successors of the Parties hereto.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Settlement Class.

21.     The Agreement contains an entire, complete and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for herein.

22.     The Agreement shall not be modified in any respect except by a writing executed by all the Parties hereto.

23.     Any inconsistency between this Agreement and the exhibits attached hereto shall be resolved in favor of the Agreement.

24.     None of the Parties hereto shall be considered to be the drafter of the Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof.

25.     All terms of the Agreement and the exhibits hereto shall be governed by and interpreted according to the substantive laws of the United States without regard to choice-of-law or conflict-of-laws principles.

26.     Settling Defendant, the Co-Escrow Agents, and all members of the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Escrow Account, the Agreement or the applicability of the Agreement and exhibits hereto.  Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of Paragraph 16 (including but not limited to any suit, action or proceeding by a Plaintiff or by any member of the

Settlement Class who does not timely opt out in which the provisions of Paragraph 16 are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection) constitutes a suit, action or proceeding arising out of or relating to the Agreement and exhibits hereto.  In the event the provisions of Paragraph 16 are asserted by Settling Defendant as a defense, in whole or in part, to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding by a Plaintiff or by any member of the Settlement Class who does not timely opt out, it is hereby agreed that Settling Defendant shall be entitled to a stay of that suit, action or proceeding until the Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions.  Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties hereto, including any member of the Settlement Class who does not timely opt out, irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.

27.     The Agreement may be executed in counterparts.  Facsimile signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to the Agreement.

28.     This Agreement shall become effective, upon its execution by the undersigned, as of July 8, 2008.

Joseph R. Saveri
Daniel M. Hutchinson
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Michael J. Brickman
Kimberly S. Keevers
David M. Hendricks
RICHARDSON, PATRICK, WESTBROOK &
  BRICKMAN, LLC
174 East Bay Street
Charleston, SC  29402
Telephone:  (843) 727-6500
Facsimile:   (843) 216-9597

Joshua P. Davis
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, CA  94131
Telephone:  (415) 422-6223


By: _____
                Joseph R. Saveri

Attorneys for Individual & Representative Plaintiffs
QUANTEGY RECORDING SOLUTIONS, LLC; EMAG
SOLUTIONS, LLC; EMAG SOLUTIONS LIMITED;
GREENCORP MAGNETICS PTY, LTD; and DELTA
MAGNETICS, S.A. de C.V.; and Individual Plaintiff
CINTAS VAC, S.A. de C.V.


for SETTLING DEFENDANT

Dated: July 8, 2008

By: _____

Thomas Hanrahan

Thomas Hanrahan
Jennifer Ratner
Jennifer House
SIDLEY AUSTIN LLP
555 W. 5th Street, 40th Floor
Los Angeles, CA  90013

Counsel for Toda Kogyo Corporation and Toda America, Inc.

**EXHIBIT 2**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you bought Magnetic Iron Oxide (MIO) between January 1, 1991 and October 12, 2005, you could get a payment from two class action settlements.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiffs, buyers of Magnetic Iron Oxide ("MIO"), have reached two partial settlements of this case with Titan Kogyo Kabushiki Kaisha ("Titan"), and Toda Kogyo Corporation and Toda America Inc. ("Toda"). These are new settlements in the lawsuit against certain manufacturers, marketers, and distributors of MIO.

- The Titan Settlement will provide a total of $800,000 for the benefit of companies that bought MIO between January 1, 1991 and October 12, 2005. The Titan Settlement will also provide an incentive payment, therefrom, in the following amount to a named Plaintiff who was actively involved in the case: Quantegy Recording Solutions, LLC: $15,000.

- The Toda Settlement will provide a total of $2,000,000 for the benefit of companies that bought MIO between January 1, 1991 and October 12, 2005.

- To benefit from the settlements you must have purchased MIO from at least one of these companies: Ishihara Sangyo Kaisha, Ltd., ISK Americas Incorporated, ISK Magnetics, Inc., Ishihara Corporation (USA); Toda Kogyo Corporation; Toda America, Inc.; Sakai Chemical Industry Co., Ltd.; Sakai Trading Co., Ltd.; Sakai Trading New York, Inc.; or Titan Kogyo Kabushiki Kaisha ("Defendants").

- The Titan Settlement and the Toda Settlement resolve the lawsuit over whether Defendants agreed to fix MIO prices; the settlements avoid costs and risks to you from continuing the lawsuit against Titan and Toda; they pay money to buyers like you; and they release both Titan and Toda from liability.

- Counsel whom the Court appointed to represent MIO buyers who participate in the settlements will ask the Court for up to 33% of the total settlement amounts as fees plus expenses for investigating the facts, litigating the case, and negotiating the settlements.

- The Plaintiffs and Titan and Toda disagree on whether Plaintiffs could win if they took the case to trial, whether a class could be certified for trial, and whether Plaintiffs would win any money if they proceeded to trial against Titan and Toda. The Court has not decided whether Plaintiffs' claims have any merit.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE TWO SETTLEMENTS | |
|---|---|
| **PROVIDE CONTACT INFORMATION AND VERIFY ABILITY TO PARTICIPATE** | Provide contact information to Class Counsel. To ensure that you will receive notice in time to apply for a share of the settlement funds, complete the attached form and send it to Class Counsel or provide the information on the Website at www.mio-settlement.com. If you submitted a claim form to participate in the 2006 settlement with the ISK and Sakai Defendants, you still must complete the attached Verification Form to verify that: (1) the MIO purchase information you have provided |

QUESTIONS? CALL _____ TOLL FREE OR VISIT MIO-SETTLEMENT.COM

767339.4

|  | is correct, and (2) you have not waived your legal right to participate in the Titan Settlement and/or the Toda Settlement. |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Titan and/or Toda relating in any way to the conduct which is the subject of the legal claims in this case. You can exclude yourself from the Titan Settlement, the Toda Settlement, or both Settlements. |
| **OBJECT** | Write to the Court about why you don't like the Titan Settlement and/or the Toda Settlement. You can object to the Titan Settlement, the Toda Settlement, or both Settlements. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Titan Settlement and/or the Toda Settlement. |
| **DO NOTHING** | • You get no payment and give up your rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the two settlements. Payments will not be made until the Court approves the settlements and a plan of allocation and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**                                                    **PAGE 3**

1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why are there settlements?
5. Was there a prior settlement?
6. Will there be more settlements?

**WHO IS IN THE SETTLEMENTS**                                          **PAGE 5**

7. How do I know if I am part of the settlements?
8. Are there exceptions to being included?
9. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET**                              **PAGE 5**

10. What do the settlements provide?
11. When will I get paid?

**HOW YOU GET A PAYMENT—**
  **PROVIDING CONTACT INFORMATION TO CLASS COUNSEL**                    **PAGE 6**

12. How can I receive updates on the distribution of settlement funds?
13. What am I giving up if I stay in the Class?

QUESTIONS? CALL _____ TOLL FREE OR VISIT MIO-SETTLEMENT.COM

**EXCLUDING YOURSELF FROM THE SETTLEMENTS**      **PAGE 7**

14. How do I get out of the settlements?
15. If I don't exclude myself, can I sue Titan or Toda for the same thing later?
16. If I exclude myself, can I get money from these settlements?

**THE LAWYERS REPRESENTING YOU**      **PAGE 8**

17. Do I have a lawyer in the case?
18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENTS**      **PAGE 8**

19. How do I tell the Court that I don't like the settlements?
20. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**      **PAGE 9**

21. When and where will the Court decide whether to approve the settlements?
22. Do I have to come to the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING**      **PAGE 9**

24. What happens if I do nothing at all?

**GETTING MORE INFORMATION**      **PAGE 10**

25. Are there more details about the settlements?
26. How do I get more information?

## BASIC INFORMATION

### 1.   Why did I get this notice package?

You or your company may have purchased MIO between January 1, 1991 and October 12, 2005.

The Court sent you this notice because you have a right to know about two proposed settlements of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlements.  If the Court approves the settlements and the plan of allocation and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlements allow.  You will be informed of the progress of the settlements.

This package explains the lawsuit, the settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Quantegy Recording Solutions, LLC, et al. v. Toda Kogyo Corp., et al.,* Case No. C-02-1611 (PJH).  The people who sued are called Plaintiffs, and the companies they sued are called the Defendants.

## 2.      What is the lawsuit about?

The lawsuit claimed that the Defendants fixed the prices of MIO they sold.  No trial has occurred, and the Court has not determined whether the Defendants are liable.  The Defendants are Titan Kogyo Kabushiki Kaisha; Toda Kogyo Corporation; Toda America, Inc.; Ishihara Sangyo Kaisha, Ltd., and its wholly-owned affiliated or controlled subsidiaries ISK Americas Incorporated, ISK Magnetics, Inc., and Ishihara Corporation (USA); Sakai Chemical Industry Co., Ltd.; Sakai Trading Co., Ltd.; and Sakai Trading New York, Inc.

## 3.      Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Quantegy Recording Solutions, LLC; and eMag Solutions LLC), sue on behalf of people who have similar claims.  All these people are a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  U.S. District Judge Phyllis J. Hamilton is in charge of this class action.

## 4.      Why are there settlements?

The Court did not decide in favor of Plaintiffs or Defendants.  Plaintiffs have settled with Titan and Toda.  The Plaintiffs think they could have won if they had to go to trial against Titan and Toda.  Titan and Toda think the Plaintiffs would not have won anything from a trial against them.  But there has been no trial.  Instead, Titan and Toda and the Plaintiffs agreed to two separate settlements.  That way, they avoid the cost of a trial against Titan and Toda, and the MIO buyers will get the benefits of the settlement.  The Class Representatives and the attorneys think the settlement is best for all Class Members.  Plaintiffs have previously settled with Defendants Ishihara Sangyo Kaisha Ltd., and its wholly owned, affiliated, or controlled subsidiaries ISK America Incorporated, ISK Magnetics, Inc., and Ishihara Corporation (USA), and Sakai Chemical Industry Co., Ltd., Sakai Trading Co., Ltd., and Sakai Trading New York, Inc. (the "ISK/Sakai Defendants").

## 5.      Was there a prior settlement?

Yes.  In 2006, you received a similar notice regarding a settlement with the ISK/Sakai Defendants.  The Settlement Administrator accepted claim forms from all class members that provided contact information.  After paying attorneys' fees and costs, the Settlement Administrator distributed the entirety of the Settlement funds to class members that submitted a valid claim form.  If you submitted a claim form to participate in the 2006 Settlement, with the ISK and Sakai Defendants, you still need to submit a Verification Form to participate in these Settlements.  (If you have found additional MIO purchases since submitting the prior claim form, you may submit an updated claim form.)

## 6.    Will there be more settlements?

The 2006 Notice stated that the legal case continues against Toda Kogyo Corporation; Toda America, Inc.; and Titan Kogyo Kabushiki Kaisha.  These settlements resolve all claims against Titan Kogyo Kabushiki Kaisha; Toda Kogyo Corporation; and Toda America, Inc.  There are no other non-settling defendants.  There will not be any more settlements in this lawsuit.

# WHO IS IN THE SETTLEMENTS

To see if you may receive money from these settlements, you first have to decide if you are a Class Member.

## 7.    How do I know if I am part of the settlements?

Everyone who fits the following description is a member of the  Settlement Class:

All persons, firms, corporations, partnerships, or other business entities that purchased MIO as an import to the United States, or as an export from the United States, or within the United States, directly from the Defendants, or any subsidiary or affiliate thereof, during the period beginning January 1, 1991 to October 12, 2005, and all United States located persons, firms corporations, partnerships, or other business entities who purchased MIO, manufactured outside of the United States and delivered outside of the United States directly from the Defendants or any subsidiary or affiliate thereof, during the period beginning January 1, 1991 to October 12, 2005.

## 8.    Are there exceptions to being included?

The Class does not include the Defendants, their parents, subsidiaries, and affiliates, other manufacturers of MIO, and governmental entities.

## 9.    I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-000-0000 or visit www.mio-settlement.com for more information.  Or you can fill out and return the contact form described in question 12, to see if you are included in the Class.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 10.    What do the settlements provide?

Titan has agreed to create a $800,000 settlement fund.  That fund, less any amounts the Court

QUESTIONS?  CALL _____ TOLL FREE OR VISIT MIO-SETTLEMENT.COM

awards to the attorneys as fees and reimbursement of costs, will be divided among all Class Members who send in a valid claim form or Verification Form.  Titan has also agreed that plaintiff Quantegy Recording Solutions, LLC may receive a $15,000 incentive award for serving as class representative out of the $800,000 settlement fund.

Toda has agreed to create a $2,000,000 settlement fund.  That fund, less any amounts the Court awards to the attorneys as fees and reimbursement of costs, will be divided among all Class Members who send in a valid claim form or Verification Form.

Each Class Member who provides a valid claim form or Verification Form will be entitled to receive his or her *pro rata* share of the settlement funds.  The claims administrator will calculate each Class Member's *pro rata* share by dividing each Class Member's verified purchases of MIO by the aggregate total of all verified purchases of MIO by Settlement Class Members who provide a valid claim form or Verification Form.

## 11.   When will I get paid?

You will get paid once the Court has approved the Titan and Toda settlements and a plan of allocation to Class Members.  If the proposed Titan and Toda settlements are approved by the Court, this case will end.

## HOW YOU GET A PAYMENT—
## PROVIDING CONTACT INFORMATION TO CLASS COUNSEL

## 12.   How can I receive updates on the distribution of settlement funds?

If you provide contact information to Class Counsel, they will inform you about the claims process and update you about any distributions.  You can provide contact information by filling out the attached form or by visiting www.mio-settlement.com.  If you provided contact information for the 2006 Settlement with the ISK and Sakai Defendants, you still must complete a Verification Form to verify that: (1) the MIO purchase information you provided was correct, and (2) you have not waived your legal right to participate in the Titan Settlement and/or the Toda Settlement.  If you do not complete a Verification Form, you cannot participate in the Settlements.

## 13.   What am I giving up if I stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Titan or Toda relating in any way to the conduct which is the subject of the legal claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you don't want a payment from this settlement and you want to keep the right to sue or continue to sue Titan or Toda, on your own, about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself—or is sometimes referred to as "opting out" of the settlement Class.

### 14.    How do I get out of the settlements?

To exclude yourself from either or both the Titan Settlement and/or the Toda Settlement, you must send a letter by mail saying that you want to be excluded from *Quantegy Recording Solutions, LLC, et al. v. Toda Kogyo Corp.*  Be sure to include your name, your title, your company's name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than _____, 2006 to:

> MIO Antitrust Litigation Settlement Administrator
> c/o Lieff, Cabraser, Heimann & Bernstein, LLP
> P.O. Box 2820
> San Francisco, CA  94126

You can exclude yourself from the Titan Settlement, the Toda Settlement or both settlements.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Titan and/or Toda in the future.

### 15.    If I don't exclude myself, can I sue Titan or Toda for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Titan or Toda for the claims that this settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You may need to exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2008.

### 16.    If I exclude myself, can I get money from these settlements?

No.  If you exclude yourself, you cannot benefit from these class settlements.  But you may sue, continue to sue, or be part of a different lawsuit against Titan or Toda.  In deciding whether to exclude yourself, you should note that on July 20, 2005, the Court entered a Decision and Order finding that a federal statute prevents claimants who purchased MIO outside of the United States from recovering in a United States court against the Defendants in this action.

QUESTIONS?  CALL _____ TOLL FREE OR VISIT MIO-SETTLEMENT.COM

## THE LAWYERS REPRESENTING YOU

### 17.    Do I have a lawyer in this case?

The Court has approved the request of the law firms of Lieff, Cabraser, Heimann & Bernstein, LLP; Richardson Patrick Westbrook & Brickman, LLC; and the Law Offices of Joshua P. Davis, to represent you and other Class Members for purposes of these settlements.  These lawyers are called Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18.    How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to 33% of the $800,000 Titan Settlement Amount and up to 33% of the $2,000,000 Toda Settlement Amount to them for attorneys' fees plus reimbursement of expenses.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  Titan and Toda have agreed not to oppose the requests for fees and expenses.

## OBJECTING TO THE SETTLEMENTS

You can tell the Court that you don't agree with the settlement or some part of it.

### 19.    How do I tell the Court I don't like the settlements?

If you're a Class Member, you can object to the Titan Settlement, the Toda Settlement, or both settlements if you don't like any part of them.  You can give reasons why you think the Court should not approve them.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement with Titan and/or Toda in *Quantegy Recording Solutions, LLC, et al. v. Toda Kogyo Corp.*  Be sure to include your name, your title, your company's name, address, telephone number, a description of your purchases of MIO that shows you are included in the Class, your signature, and the reasons you object to the settlement.  Mail the objection to the address below postmarked no later than _____, 2008:

> Plaintiffs' Counsel
> Joseph R. Saveri
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 30th Floor
> San Francisco, CA 94111

## 20.    What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to do so.

## 21.    When and where will the Court decide whether to approve the settlements?

The Court will hold a Fairness Hearing at 9:00 a.m. on January 14, 2009, in Courtroom 3 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA  94102.  At this hearing the Court will consider whether the settlements are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Hamilton will listen to companies and people who wish to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlements.  We do not know how long these decisions will take.

## 22.   Do I have to come to the hearing?

No.  Class Counsel will answer any questions Judge Hamilton may have.  But you are welcome to come at your own expense.  If you send an objection in writing, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, and are included in the Class, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary that he or she do so.

## 23.   May I speak at the hearing?

Yes, you may speak at the Fairness Hearing if you have submitted a written objection.

# IF YOU DO NOTHING

## 24.   What happens if I do nothing at all?

Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Titan or Toda relating in any way to the conduct which is the subject

QUESTIONS?  CALL _____ TOLL FREE OR VISIT MIO-SETTLEMENT.COM

of the legal claims in this case, ever again.  If you do nothing, you will be included as part of the settlement.  But, you will be required to provide additional information on a Verification Form and/or Claim Form in order to obtain money from the settlement.  If you do not provide that information, you'll get no money from this settlement.

If you submitted a valid claim form as part of the 2006 Settlement with the ISK and Sakai Defendants, you still must complete the attached Verification Form to verify that: (1) the MIO purchase information you provided was correct, and (2) that you have not waived your legal right to participate in the Titan Settlement and/or the Toda Settlement.  Otherwise, you cannot participate in the settlements.

If you did not submit a valid claim form as part of the 2006 Settlement with the ISK and Sakai Defendants, you still must complete the attached Verification Form and a Claim Form.  Otherwise, you cannot participate in the settlements.

## GETTING MORE INFORMATION

### 25.   Are there more details about the settlements?

This notice summarizes the proposed settlement.  More details are set forth in the two Settlement Agreements.  You can get a copy of the Titan Settlement Agreement and/or the Toda Settlement Agreement by writing to MIO Antitrust Litigation Settlement Administrator, c/o Lieff Cabraser Heimann & Bernstein, LLP, P.O. Box 2820, San Francisco, California, 94126, or by visiting www.mio-settlement.com.

### 26.   How do I get more information?

You can call 1-800-_____toll free; write to MIO Antitrust Litigation Settlement Administrator, c/o Lieff Cabraser Heimann & Bernstein, LLP, P.O. Box 2820, San Francisco, California, 94126, or visit the website at www.mio-settlement.com, where you will find answers to common questions about the settlement, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE:  _____

767339.4